In the Matter of the Application of JOHN C. OBERGFELL, Appellant, for an Order Directed to THOMAS S. CHESHIRE, Constituting the Board of Elections of Nassau County.

WILLIAM J. DALTON et al., Respondents.

**Public officers — abridgement of term upon conviction of felony — certificate of reasonable doubt stays neither creation of vacancy nor right to fill it — city of Long Beach — authority to elect successor to mayor convicted of a felony.**

1. The abridgment of the term of a public officer upon his conviction of a felony (Public Officers Law, § 30) is not a punishment for his offense. It is an automatic limitation upon the duration of his office and the application of the statute is not defeated by the possibility that the judgment may be reversed. The statute does not mean that a vacancy shall exist in those cases, and those only, where the incumbent is subject to physical restraint. Its meaning is that one convicted of a felony shall not retain a post of honor. A vacancy occurred, therefore, in the office of mayor of the city of Long Beach upon conviction of the incumbent of a felony and the granting of a certificate of reasonable doubt stayed neither the creation of the vacancy nor the right to fill it.

2. If the charter of the city of Long Beach (L. 1922, ch. 635) is defective in failing to provide the requisite machinery for the filling of intermediate vacancies in office, a later statute (L. 1924, ch. 50) supplies the omission and under its authority the election may proceed.

*Matter of Obergfell*, **210** App. Div. 856, affirmed.

(Argued October 22, 1924; decided October 24, 1924.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered October 14, 1924, which affirmed an order of Special Term denying a motion for an order directing the board of elections of Nassau county to disregard a certificate of the city clerk of Long Beach certifying that there is a vacancy in the office of mayor of that city.

*Jacob L. Holtzmann* for appellant. The incumbent was convicted of a felony, but the issuance of a certificate

of reasonable doubt staying the execution of the judgment of conviction likewise stays the forfeiture of the office of mayor held by him and makes premature an election of a successor while his appeal is pending and undetermined. (*People* v. *Fabian*, 192 N. Y. 443; *McKanny* v. *Horton*, 151 Cal. 711; *People* v. *Treadwell*, 66 Cal. 400; *People* v. *Palmer*, 109 N. Y. 413; *Trono* v. *U. S.*, 199 U. S. 521; *People* v. *Wheeler*, 79 App. Div. 396; *Matter of Lindheim*, 195 App. Div. 827.) There is no provision of law for filling a vacancy at the general election in 1924. (L. 1922, ch. 635, § 125.)

*David B. Tolins* for respondents. The office of mayor of the city of Long Beach became vacant upon the entry of the judgment of conviction of a felony of William H. Reynolds on July 5, 1924. (*People* v. *Fabian*, 192 N. Y. 443; *McKanny* v. *Horton*, 151 Cal. 711; *Matter of Lindheim*, 195 App. Div. 827; *Matter of Kaufman*, 195 App. Div. 830; *State* v. *Harris*, 22 Wash. 57; *Sheldon* v. *Stryker*, 34 Barb. 116; *United States* v. *St. John*, 254 Fed. Rep. 794.) Chapter 50 of the Laws of 1924 provides for the filling of the office of mayor at the general election in 1924. (*Trounstein* v. *Britt*, 212 N. Y. 421; *Markland* v. *Scully*, 203 N. Y. 158; 146 App. Div. 350; *People* v. *Scheu*, 167 N. Y. 292; 60 App. Div. 592.)

*Per Curiam.* The question to be determined is whether there is a vacancy in the office of mayor of the city of Long Beach which may be filled at the general election of November, 1924.

Long Beach is a city with a population of less than fifty thousand inhabitants (L. 1924, ch. 50). Its mayor, William H. Reynolds, was convicted of the crime of grand larceny on July 5, 1924, and sentenced to imprisonment in the county jail of Nassau county for the term of six months. Upon his appeal from the judgment of conviction, he obtained a certificate of reasonable doubt

4

which stayed the execution of the judgment (Code Crim. Pro. sec. 527), and he is now at large with his appeal pending and undetermined. Section 30 of the Public Officers Law (Cons. Laws, ch. 47) provides that " Every office shall be vacant upon the happening of either of the following events before the expiration of the term thereof: 1. The death of the incumbent   *   *   *.   5. His conviction of a felony, or a crime involving a violation of his oath of office." The argument is made that the certificate of reasonable doubt, by staying the execution of the judgment, has stayed also the creation of a vacancy, or, if a vacancy exists, the right to fill it. We read the statute otherwise. The abridgment of the term upon the conviction of the incumbent is not a punishment for his offense (*Matter of Rouss*, 221 N. Y. 81). It is an automatic limitation upon the duration of his office (*McKannay v. Horton*, 151 Cal. 711). The application of the statute is not defeated by the possibility that the judgment may be reversed. That possibility would be present though a certificate had not been granted and the incumbent were in jail. The statute does not mean that a vacancy shall exist in those cases, and those only, where the incumbent is subjected to physical restraint. Its meaning is that one convicted of a felony shall not retain a post of honor (*McKannay v. Horton, supra*).

It is argued that the vacancy may not be filled until the election of 1925, at the natural expiration of the term for which Mr. Reynolds was elected. The charter of Long Beach (L. 1922, ch. 635) is said to be defective in failing to provide the requisite machinery for the filling of intermediate vacancies. If that be so, a later statute (L. 1924, ch. 50) supplies the omission; and under its authority the election may proceed.

The order should be affirmed without costs.

HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ., concur.

Order affirmed.