In the Matter of the Application of BERTRAM H. LEARMAN, Petitioner, for an Order against AUSTIN J. ROCHE, as Commissioner of the Police Department of the City of Buffalo; FRANK M. DAVIS, as Comptroller of the City of Buffalo; THE CIVIL SERVICE COMMISSION OF THE CITY OF BUFFALO, Respondents.

Supreme Court, Erie County, August 12, 1941.

*John S. McGovern*, for the petitioner.

*Edward J. Sullivan, Corporation Counsel [Frank C. Westphal* of counsel], for the respondents.

HINKLEY, J. Measured in the scales of justice, petitioner's rights outweigh all other considerations. Courts of law are not always courts of justice. But trial courts are less handicapped in the approximation thereof than courts of last resort which often are compelled to rule unjustly in specific instances in an effort to chart a future course by judicial precedent. Petitioner has, by the improper administration of law, been deprived of a position as lieutenant of the Buffalo city police force, which position was under the protection of the civil service. Such invasion of his rights was illegal and unjust as determined by authoritative legalistic decision of the appellate court. The question here presented is whether law, as defined and administered, can take from him his undoubted rights and then by statute, lack of statutory enactment, or legal technicality prevent the return to him of that right to earn his living which such laws and statutes as administered have illegally, improperly and unjustly taken from him. Petitioner seeks relief under article 78 of the Civil Practice Act. He asks that the act of

the former commissioner of police who, after a hearing, dismissed him from the force, be revoked and that he be reinstated by the present commissioner of police with payment of interim salary.

Petitioner, a lieutenant of good repute, was indicted by a grand jury of Erie county of serious crimes. After a trial, a verdict of guilty upon one or more of the counts of the indictment was rendered, at least one of which convictions was a felony. Thereafter, in accordance with a provision of the Charter of the City of Buffalo, petitioner was on March 20, 1940, suspended from duty by the then commissioner of police. Charges were preferred and trial of such charges was set for March 30, 1940. At that time sentence had not yet been pronounced upon petitioner in the criminal court. At the request of the corporation counsel, and without objection by petitioner, and also not at the request of petitioner, the proceeding was adjourned to April 13, 1940. This adjournment was in violation of section 448 of the Charter of the City of Buffalo, a portion of which reads as follows: " All trials shall be open to the public and shall be held within thirty days after service of charges, except that where the member is under suspension the trial shall be held within ten days from the time of such suspension unless adjourned at his request."

The determination of the question as to whether or not the commissioner of police lost jurisdiction to try petitioner by reason of the adjournment of the hearing at the request of the corporation counsel for a longer period than ten days is not essential in the light of this decision. Only one ground of dismissal was urged upon the hearing before the police commissioner. Although the charges and specifications were more particularized, it is undisputed that the only ground of petitioner's dismissal was the record proof of his conviction of a felony.

Following petitioner's sentences upon his convictions under the indictment an appeal was taken to the Appellate Division, a certificate of reasonable doubt was granted, and he was released on bail. On May 12, 1941, there was filed in the Erie county clerk's office an order of the Appellate Division reversing the convictions of petitioner and dismissing all of the counts in the indictment upon which petitioner had been tried and convicted. The remaining counts of the indictment upon which no trial was had have been dismissed.

Petitioner, by a petition duly verified on June 30, 1941, has commenced this proceeding within a reasonable time after the dismissal of the indictment. He is now in the eyes of the law innocent of all the charges in the indictment, and the dismissal proceedings before the commissioner of police, based upon such indictment and sentences, must fall of their own weight.

There is no factual issue raised by the return of the respondents, and this application rests entirely upon undisputed facts, rules and statutes. The corporation counsel does not seriously attack the right of the petitioner to be reinstated, but suggests an ingenious construction of section 1286 of the Civil Practice Act which would outlaw petitioner's right to certiorari. That section reads as follows:

"§ 1286. *Limitations of time.* A proceeding under this article to review a determination or to compel performance of a duty specifically enjoined by law, must be instituted by service of the petition and accompanying papers, as prescribed in section twelve hundred eighty-nine of this article, within four months after the determination to be reviewed becomes final and binding, upon the petitioner or the person whom he represents, either in law or in fact, or after the respondent's refusal, upon the demand of the petitioner or the person whom he represents, to perform his duty, as the case may be; or, with the court's permission, within two years, where the petitioner or the person whom he represents, at the time such determination became final and binding upon him or at the time of such refusal, was under the age of twenty-one years, or insane, or imprisoned on a criminal charge or under sentence for a term less than life."

The corporation counsel maintains that petitioner does not come within the exceptions set forth in that section and that he is barred from relief because he did not bring a proceeding to review the action of the commissioner of police within four months after his dismissal.

Section 510 of the Penal Law is as follows:

"§ 510. *Forfeiture of office and suspension of civil rights.* A sentence of imprisonment in a State prison for any term less than for life, forfeits all the public offices, and suspends, during the term of the sentence, all the civil rights, and all private trusts, authority, or powers of, or held by, the person sentenced."

Upon the imposition by the court of a sentence for a felony, petitioner was no longer a public officer, and his dismissal by the commissioner of police was merely a matter of proof or procedure. The sentence of petitioner forfeited his office and he could thereafter be dismissed upon proof of the conviction alone. It would be idle to argue that a formal dismissal by the commissioner of police, based solely upon proof of a sentence for a felony, would be of any greater force than that imposed by section 510 of the Penal Law above quoted, except that such dismissal would not be limited to the period of the sentence if the conviction had been sustained. There is a serious question whether petitioner, who had auto-

matically lost all civil rights by reason of section 510 of the Penal Law, could have commenced certiorari proceedings within the four-month period after his sentences. Surely, had he done so the proceeding must have failed because he could not then dispute his sentences, the forfeiture of his position, nor the loss of his civil rights. The corporation counsel contends that after petitioner's sentences he was neither imprisoned on a criminal charge nor under sentence for a term less than life, and, therefore, that his right to certiorari has outlawed, as he is not within the exceptions set forth in the above-quoted section 1286 of the Civil Practice Act. It is the contention of the corporation counsel also that the two phrases " imprisoned on a criminal charge or under sentence for a term less than life," must be taken together; that the two phrases are conjunctive and not disjunctive; that it was the intent of the Legislature to relieve only those who were actually imprisoned awaiting trial on a criminal charge or actually imprisoned after sentence for less than life upon conviction of a criminal charge.

Aside from the fact that the court would not in this instance be inclined to place a narrow, prohibitive construction upon the section, it is apparent that the phrases are disjunctive and not conjunctive. If the court felt called upon to indulge in a mental game of hide and seek for that elusive will-of-the-wisp, the legislative intent, it would reach only one conclusion. Reason and logic would indicate that the Legislature had in mind to grant relief from the arbitrary statute of limitations of four months not only to those unfortunates who are actually confined in prison, but to those like petitioner who were illegally sentenced, had lost all civil rights, and for whom an immediate certiorari would be useless.

Petition granted, with costs.