In the Matter of BENJAMIN J. DAVIS, JR., Petitioner, against VINCENT R. IMPELLITERI et al., Respondents.

Supreme Court, Special Term, New York County, January 13, 1950.

*Harry Sacher* and *David M. Freedman* for petitioner.

*John P. McGrath, Corporation Counsel* (*Robert E. Hugh* and *Beatrice Dunn* of counsel), for respondents.

AURELIO, J. This is an application by petitioner pursuant to article 78 of the Civil Practice Act, wherein he seeks an order of the court determining, in effect, that his elective office as a city councilman was not vacated upon his conviction of a felony in the United States District Court for the Southern District of New York. Petitioner further seeks payment of his salary as

a councilman from the date of his conviction to the end of his elective term on December 31, 1949. Pursuant to section 1293 of the Civil Practice Act and rule 106 of the Rules of Civil Practice, respondents have moved for an order to dismiss the petition upon the ground that it fails to state facts sufficient to constitute a cause of action.

Petitioner was elected to the office of councilman of the city of New York on November 6, 1945, for a term of four years, commencing on January 1, 1946. On October 14, 1949, petitioner and ten other defendants were convicted in the District Court of the United States for the Southern District of New York of the felony of conspiring to teach and advocate the overthrow of the Government of the United States by force and violence, in violation of the Act of June 28, 1940, commonly known as the " Smith Act ". (U. S. Code [1940 ed.], tit. 18, § 10 *et seq.*, as revised and renumbered by Act of June 25, 1948, U. S. Code [1946 ed., Supp. II], tit. 18, § 2385.) In accordance with an opinion of the corporation counsel of the city of New York, the city council, on November 28, 1949, adopted a motion which declared that petitioner's office had been vacated on the date of his conviction under the provisions of section 30 of the Public Officers Law.

Section 30 of the Public Officers Law provides: " Every office shall be vacant upon the happening of either of the following events before the expiration of the term thereof: * * * 5. His conviction of a felony, or a crime involving a violation of his oath of office ".

Petitioner contends that in order to effect a forfeiture of public office under the foregoing provisions of the Public Officers Law, a conviction must be for an offense which constitutes a felony or other crime under the laws of the State of New York. A conviction of conspiracy is a misdemeanor in this State (Penal Law, § 580), but nevertheless constitutes a "crime" (Penal Law, § 2). Petitioner alleges, however, that the particular offense for which he was indicted, tried and convicted in the Federal court does not constitute a crime under the laws of New York and that, therefore, his conviction did not operate to render his office vacant. In support of this contention, petitioner has cited *Matter of Donegan* (282 N. Y. 285), *People* v. *Gutterson* (244 N. Y. 243), *People ex rel. Marks* v. *Brophy* (293 N. Y. 469) and *People ex rel. Atkins* v. *Jennings* (248 N. Y. 46). None of these cases involved an *elected public officer* and no authority has been cited by the petitioner which concerns the conviction of an *elected public officer,* whether it be for a

felony or misdemeanor, *involving a violation of his oath of office,* as set forth in subdivision 5 of section 30 of the Public Officers Law.

Concededly, acts which constitute a crime differ in many jurisdictions. Statutes which set forth standards whereby various crimes are classified merely embody the customs, mores and public conscience in those jurisdictions where such laws are enacted. In this proceeding, as opposed to any of the factual situations presented in the cases cited by petitioner, the standard of conduct must be viewed with due consideration of the fact that the petitioner was an *elected officer* who swore to uphold and support not only the Constitution of this State but also the Constitution of the United States. By the very oath of office prescribed by the laws of the State of New York, to which petitioner was compelled to subscribe in order to assume his elective position, he was under a duty to obey the standards and policy established by the Federal Government. Thus, it is proper to measure petitioner's conduct by the principles which he was obligated to support and which, by virtue of his conviction, he must be deemed to have failed to uphold.

The offense of which petitioner was convicted in the Federal court was a violation of the supreme law of the land. In the opinion of the court, it is against the public policy of this State and against the best interest of sound government to permit an elected public officer who has been convicted by the United States of an offense which is considered of a grade or gravity sufficient to constitute a felony, and which so clearly violates his sworn duties in this State, to continue in office and to enjoy the privileges and prerogatives of a public official. It is of paramount importance to the electorate of this city, as well as to the country as a whole, to have confidence in the honor and moral integrity of its officials. Petitioner has no property right in his elective office superior to the public interest or the welfare of the community. His property right in the salary and emoluments of his office continue *only* while he is faithfully, diligently and actually discharging his duties.

Accordingly, petitioner, who has set himself above the law and committed an act which clearly involves a violation of his oath of office within the meaning of subdivision 5 of section 30 of the Public Officers Law was disqualified to continue as a councilman of the city of New York and his office properly vacated upon his conviction.

Petitioner's application, therefore, is denied.