In the Matter of RAYMOND J. SMITH, Petitioner, against MICHAEL C. NOEPPEL, as Commissioner of Police of the City of Buffalo, et al., Respondents.

Supreme Court, Special Term, Erie County, April 2, 1953.

*Derrick C. Banning* for petitioner.

*Fred C. Maloney, Corporation Counsel (Elmer S. Stengel* of counsel), for respondents.

WARD, J. This is an application for an order pursuant to article 78 of the Civil Practice Act, restoring the petitioner, Raymond J. Smith, to his former position in the police department of the City of Buffalo. Prior to his separation from the Buffalo police department and since January 2, 1950, the petitioner occupied the office of captain in the Buffalo police department.

On March 5, 1952, a verdict of guilty with respect to charges of conspiracy, bribery and taking of unlawful fees, was returned against the petitioner in Supreme Court, Erie County. On the same day an order was issued by the police department suspending the petitioner from his position in the department. On the following day the respondent, Michael C. Noeppel, as commissioner of police, formally suspended petitioner and relieved him of his badge and other equipment.

On March 26, 1952, a judgment of conviction was entered against the petitioner whereby he was sentenced to terms of imprisonment in the Erie County Penitentiary and in Attica State Prison. A certificate of reasonable doubt was granted and the petitioner was admitted to bail pending appeal.

Between March 5, 1952, and April 25, 1952, inclusive, several communications were sent to the petitioner by the commissioner of police and at least two meetings took place at which were present others besides the petitioner and the commissioner, including the attorney representing the petitioner. These communications and meetings were intended apparently to formally separate the petitioner from the service and amounted to administrative acts in keeping with the orderly conduct of the affairs of the Buffalo police department. In these communications and meetings the expressions " suspended ", " suspension " and " hearing " were used. It appears that the commissioner of police believed he was under a duty to take affirmative action to terminate the office of the petitioner and to grant the petitioner a hearing on charges. Petitioner has not occupied his office since March 6, 1952.

On January 16, 1953, by an order of the Appellate Division of the Fourth Judicial Department, a judgment of conviction was reversed and the indictment was dismissed. Leave to appeal to the Court of Appeals was denied.

Now comes this petitioner to Special Term of Supreme Court, Erie County, for an order of this court directing the respondent, Michael C. Noeppel, as commissioner of the police department of the City of Buffalo to reinstate petitioner to the rank of captain in the police department of the City of Buffalo with back pay, and directing the respondents, Chester Kowal, as comptroller of the City of Buffalo and the civil service commission of the City of Buffalo to do and perform such acts as may be necessary therefor.

Under the circumstances of this matter, this court cannot make such order. The office of the petitioner as captain of police became vacant simultaneously and automatically with his con-

viction of a felony. No other or further act was required by any officer or board to separate the petitioner from the service of the Buffalo police department. No discretion or power of determination rests with the commissioner of police or any other officer or body under the circumstances herein. No one can stay the vacatur of public office upon conviction of a felony by any conduct on his part or misunderstanding of his powers or duties.

It is unfortunate that the commissioner of police, in the exercise of an abundance of caution, may have attempted to suspend this petitioner, for confusion has arisen therefrom. His conduct in that respect, however, cannot alter the law or give to this petitioner any new or additional rights. By operation of subdivision 5 of section 30 of the Public Officers Law, the offices of the petitioner instantaneously and automatically became vacant upon his conviction of a felony, the pertinent portions of which are as follows: " § 30. *Creation of vacancies.* Every office shall be vacant upon the happening of either of the following events before the expiration of the term thereof * * * 5. His conviction of a felony, or a crime involving a violation of his oath of office."

The petitioner was a public officer (*Canteline v. McClellan,* 282 N. Y. 166). The crime of conspiracy (Penal Law, § 580) under the circumstances herein, is a crime involving a violation of the petitioner's oath of office and the crimes of bribery (Penal Law, § 378) and taking unlawful fees (Penal Law, § 1826) are felonies. The order of the Appellate Division reversing the conviction and dismissing the indictment cleared the petitioner of the accusations against him but such order does not defeat the application of the statute creating a vacancy in the public office held by the petitioner.

The Court of Appeals has held " The application of the statute is not defeated by the possibility that the judgment may be reversed." (*Matter of Obergfell,* 239 N. Y. 48, 50.) In that case, the court foresaw the possibility of a reversal of the judgment of conviction but clearly held that such possibility did not defeat the statute. Such possibility having become a reality here, it must follow that the reality does not defeat the statute. This may seem like a harsh rule. It is not for this court to say. The highest court of this State has spoken and insofar as this court can find, the principle of law declared in the *Obergfell* case is presently the law in this State.

Consideration must be given not only to the interests of a defendant in a criminal action but also to the interest of the

public. A public office is not the property of an incumbent but an agency of government as such, the property of the people. The public interest requires that a public office need not remain vacant during the periods of time, often long, while its former occupant wends his way through the labyrinth of motions, appeals, new trials and possibly more motions and more appeals. A public officer enters his office with the understanding that if he is convicted of a felony or a crime involving a violation of his oath of office, his office becomes vacant instantaneously and automatically. Such is a condition attached to public office. There can be no question but that the Legislature may impose such a condition. Such a condition is not in violation of other constitutional protection, including civil service provisions of section 6 of article V of the State Constitution. (*Hendon* v. *Board of Educ.*, 281 N. Y. 757.)

The petitioner urges that chapter 834 of the Laws of 1940 is an exception to subdivision 5 of section 30 of the Public Officers Law and because of this section, a policeman convicted of a felony cannot be separated from his office without charges being preferred against him and except upon notice and a hearing. I cannot agree with the petitioner. Chapter 834 of the Laws of 1940 secures to policemen certain rights in a removal proceeding but is no exception to the general law (Public Officers Law, § 30, subd. 5). It would indeed be a strange law which would give to those sworn to enforce the law special consideration when convicted of breaking the law. No statute gives such claimed consideration to any other public officer from the Governor of the State to a notary public.

Petitioner also relies on *Matter of Learman* v. *Roche* (176 Misc. 980). Ordinarily, this court would follow a decision of the learned and distinguished jurist in that matter who, for so many years, graced the Supreme Court of this State and who is respected, admired and honored by all who know him. I cannot, however, arrive at the same conclusion in this matter as he arrived at in that matter and I must therefore refuse to follow that case. As I read that case, I find that the respondent did not urge upon the court, with sufficient clarity, the operation of subdivision 5 of section 30 of the Public Officers Law and failed to adequately point out to the court that any hearing had in the matter was unauthorized and a nullity.

Also the petitioner calls to my attention the sections of the Civil Service Law and of the Charter of the City of Buffalo pertaining to removal from office of civil servants. None of these sections has any application in this matter. This petitioner

was not removed. His office was vacated by operation of law. Any removal proceeding would have been unauthorized, futile and a nullity.

Likewise, because of the above, it is not necessary that I pass upon the question raised by the respondent that this proceeding is not brought timely. It has been pointed out to this court that there now may be no disability to the appointment of this petitioner to his former office. If that be so, such appointment is within the discretion of the commissioner of police. I do not and I cannot reach that question in this proceeding. This court cannot order the commissioner of police to exercise his discretion in favor of this petitioner.

The petitioner has cited a number of cases in other jurisdictions which the petitioner urged me to consider. I have examined these cases and find that some of them are in point and some are not. Those that are in point might be persuasive upon this court were it not for the fact that the Court of Appeals in the *Obergfell* case has declared the law in this State.

Upon all the above, this motion must be denied and the petition dismissed. Prepare and submit order.