Frederick Backer, J.
In this article 78 proceeding petitioner, wife of a former Police Sergeant, William M. Breslin, now deceased, seeks to (1) expunge from records of the Police Department Breslin’s dismissal therefrom, (2) reinstate him to the office of Sergeant as of November 22, 1965, (3) compel the respondent to pay all salary attaching to Breslin’s office as Sergeant from the date of his suspension to the date of his death and (4) to compel the Trustees of the Police Pension Fund to pay to petitioner all benefits pursuant to the provisions of said Police Pension Fund.
It appears that Breslin commenced his employment with the Police Department on September 4, 1941 and was subsequently appointed Sergeant on August 15,1958. He continued to occupy this position until he was suspended, without pay, by order of the Police Commissioner on or about September 24, 1964. Specifications were filed against Breslin by the Commissioner’s investigation unit charging him with violations of certain rules and procedures of the Police Department. Based upon an indictment filed on November 5, 1964 Breslin was convicted on November 1,1965 of the crime of attempted extortion. Following the imposition of sentence he was dismissed from the Police Department on November 23, 1964 by order of the Police Commissioner. His conviction on appeal was sustained by the Appellate Division (27 A D 2d 704). However, Breslin died on July 12, 1967 while his appeal from the Appellate Division was pending before the Court of Appeals. By reason of said death the Court of Appeals thereafter, on September 21, 1967, directed that the judgment of conviction be vacated and the indictment dismissed (People v. Breslin, 20 N Y 2d 770).
*1055 Upon application to one of the Justices of this court the judgment of conviction was vacated and the indictment dismissed on January 24, 1968. Several cogent arguments are made by the respondent to support its contention that petitioner’s application should in all respects be denied. Respondents’ brief places great stress upon the interpretation of several sections of the Administrative Code relating to the definition of such terms as “ member ” and “ City Service ”, etc. However, it is clear that petitioner’s rights, if any, must in the first instance depend upon the effect of the vacatur of Breslin’s conviction and the dismissal of his indictment.
Petitioner contends that the consequences of Breslin’s death was to abate the entire criminal action as well as the appeal and consequently the obliterative effect of the abatement leaves undetermined the question of Breslin’s guilt.
Petitioner’s contention is amply suported by the Court of Appeals in People v. Mintz (20 N Y 2d 770). In that case Mintz, who had been convicted of the crime of conspiracy, died while his appeal was pending. The court stated (p. 771): “ the entire criminal prosecution has abated by reason of his death * * *. If affirmed, the judgment of conviction could not be enforced and, if reversed, there is no person to try. Therefore, the appeal should not be heard but, since it cannot be heard, it can never be determined whether the judgment of convicted would stand ”.
Therefore since Breslin’s conviction was vacated his dismissal must likewise be vacated in view of the fact that said dismissal was predicated on Breslin’s conviction “\of a crime by a court of competent jurisdiction.” While respondents’ action dismissing petitioner upon his conviction wás proper, the subsequent vacatur of the conviction must of necessity have restored Breslin to his former status. PriorUo his dismissal Breslin occupied the status of a suspended officer pending the outcome of charges and specifications filed against him. However, no formal disposition was made of those specifications. Consequently Breslin must be considered to have been dismissed without a trial or hearing of the departmental charges. To this extent Breslin’s dismissal was improper. Orderly procedure requires that petitioner’s application be granted to the extent of remanding the matter to the respondent to take such action as it deems appropriate with respect to the specifications still pending against Breslin. It is therefore unnecessary to pass upon the remaining issues presented.