794

Concur — Stevens, P. J., Nunez, Steuer and Tilzer, JJ.
Joseph A. Lehrer et al., Respondents, v. J. A. Procope & Co. et al., Defendants, and Jack A. Procope, Appellant.—

Concur — Markewich, J. P., Nunez, McNally and Steuer, JJ.
In the Matter of Loretta Breslin, Individually and as Executrix of William M. Breslin, Deceased, Respondent-Appellant, v. Howard R. Leary, as Police Commissioner of the City of New York, et al., Appellants-Respondents.—

Concur — Stevens, P. J., Capozzoli, McGivern and Tilzer, JJ. [59 Misc 2d 1053.]

IVAN GUZMAN, Appellant, v. WILLIAM VEREB, Doing Business as TRI-ANGLE SERVICE CENTER, Respondent.—

Concur — Stevens, P. J., Markewich and Steuer, JJ.; McGivern, J., dissents in the following memorandum: I do not find contributory negligence as a matter of law. The operator of the lift, who spoke little English, lowered it without a forewarning to the plaintiff, to whom he had handed the absorbers, and of whose physical presence on the scene he was aware. The operator and the plaintiff were on opposite sides of the car. To me, this represents a classic, if not simplistic jury question of fact. And the question was presented to the jury in a charge to which no exception was taken. The factual situation is not without close or analogous precedent. (Cf. *Raplee* v. *Flintkote Co.*, 227 N. Y. S. 2d 1012; *Nicholson* v. *Greeley Sq. Hotel Co.*, 227 N. Y. 345.) The jury having resolved this question of contributory negligence in plaintiff's favor, and no motion having been made in respect of excessiveness, I would reverse the action of the Trial Justice. Moreover, the applicability of *Torambe* v. *Torambe* (12 N Y 2d 1003) cited by the majority, completely eludes me. That case concerned