HON. JOHN J. PAPPALARDO Village Attorney, Tuckahoe
This is in response to your recent letter requesting the opinion of the Attorney General concerning the following matter. You state that the Building Inspector of the Village of Tuckahoe has been indicated and convicted of the misdemeanor of unlawfully receiving a gratuity, and was sentenced on April 1, 1976. The Deputy Personnel Officer of Westchester County has refused to certify the name of the above individual as Building Inspector of the Village of Tuckahoe, basing his refusal on the provision of section 30(1) (e) of the Public Officers Law, which states that an office shall be vacant when the holder of such office is convicted of a felony or a crime involving a violation of his oath of office. Since section 101 of the Civil Service Law makes it a misdemeanor for any officer to pay salary to one whose certification has been refused, you ask for the opinion of this office as to whether the conviction in this instance involves a violation of the oath of office of the Building Inspector so as to create a vacancy in that office.
Section 30 of the Public Officers Law provides, in pertinent part, as follows:
"§ 30. Creation of vacancies
 "Every office shall be vacant upon the happening of either of the following events before the expiration of the term thereof:
* * *
 "5. His conviction of a felony, or a crime involving a violation of his oath of office."
The term "office" is defined in section 2 of the Public Officers Law. This office has previously stated that a village building inspector is a local public officer within the meaning of section 2 (1911 Op. Atty. Gen. 454; see, also, Haller v. Carlson,42 A.D.2d 829 [1973], to the effect that a town building inspector in the Town of Ellicott is a public officer).
Article XIII, section 1, of the New York State Constitution provides, as follows:
 "§ 1. [Oath of office; no other test for public office]
 "Members of the legislature, and all officers, executive and judicial, except such inferior officers as shall be by law exempted, shall, before they enter on the duties of their respective offices, take and subscribe the following oath or affirmation: `I do solemnly swear (or affirm) that I will support the constitution of the United States, and the constitution of the State of New York, and that I will faithfully discharge the duties of the office of * * * according to the best of my ability;' and no other oath, declaration or test shall be required as a qualification for any office of public trust, * * *." (Emphasis supplied.)
It has been held that the application of this section is not confined to State officers but applies equally to local officers as well (People v. McKinney, 52 N.Y. 374 [1873]). Therefore, a village building inspector, as a local officer, would be included within its scope.
The crime of receiving unlawful gratuities is defined in section200.35 of the Penal Law, which provides:
"§ 200.35 Receiving unlawful gratuities
 "A public servant is guilty of receiving unlawful gratuities when he solicits, accepts or agrees to accept any benefit for having engaged in official conduct which he was required or authorized to perform, and for which he was not entitled to any special or additional compensation.
 "Receiving unlawful gratuities is a class A misdemeanor."
As a misdemeanor, the conviction of such a crime would only create a vacancy in an office held by a defendant if the crime is deemed to involve a violation of the defendant's oath of office.
The Public Officers Law does not define or otherwise indicate what specific crimes would constitute a violation of an officer's oath of office. In Matter of Pauley v. Noeppel, 1 Misc.2d 928, the petitioner was convicted of the felony charges of bribery and taking of unlawful fees and of the misdemeanor charge of conspiracy. The Court held that the crime of conspiracy was, under the circumstances of the case, a crime involving a violation of petitioner's oath of office as a captain in the police department of the City of Buffalo. In Matter of Davis v.Impelliteri, 197 Misc. 162, petitioner, a city councilman, was convicted under federal law of the felony of conspiring to advocate the violent overthrow of the U.S. government. This was not a felony under New York law, but the Court concluded that the conviction was for a crime involving a violation of petitioner's oath of office, inasmuch as the oath of office states that the individual swears to uphold the Constitution of the United States. The Court went on to say that (p. 164):
 "* * * It is of paramount importance to the electorate of this city, as well as to the country as a whole, to have confidence in the honor and moral integrity of its officials. Petitioner has no property right in his elective office superior to the public interest or the welfare of the community. His property right in the salary and emoluments of his office continue only while he is faithfully, diligently and actually discharging his duties."
The constitutional oath of office includes the pledge to "faithfully discharge the duties of the office." That indicates that an officer swears to refrain from conduct involving violations of law relating to the office such person holds. Thus, in Matter of Pauley v. Noeppel, supra, the Court found a violation of the oath of office for a misdemeanor conspiracy conviction, given the fact that it arose as a result of bribery and taking of unlawful fees. These crimes relate to the use of the office itself and the performance of official duties. By comparison, it was held in one case that a violation of section128 of the Alcoholic Beverage Control Law (prohibiting police officials from being interested in the sale of alcoholic beverages), even though a misdemeanor, did not involve a violation of the oath of office. There the offense was unrelated to the performance of the duties of the office.
In the present instance, the crime in question (receiving unlawful gratuities), by definition, relates directly to the misuse of the office.
A person committing such a crime receives a prohibited gift, fee or other gratuity, which is not a part of his lawful compensation, for having engaged in official conduct that he was required or authorized to perform. That is, the improper conduct which arises as the result of the holding of the office of village building inspector constitutes a failure to faithfully discharge the duties of that office.
Accordingly, it is our conclusion, based upon the statutory language as construed by subsequent case law, that the conviction of a village building inspector of the misdemeanor of unlawfully receiving a gratuity constitutes a violation of his oath of office within the meaning of section 30 of the Public Officers Law, thereby creating a vacancy in that office.