No. 13562

IN THE SUPREME COURT OF THE STATE OF MONTANA

1976

---

THE STATE OF MONTANA,

                    Plaintiffs and Respondent,

-vs-

ED DeGEORGE, WILLIAM KENNEDY
and E. J. HOLMAN,

                    Defendants and Appellants.

---

Appeal from:   District Court of the Second Judicial District,
               Hon. James D. Freebourn, Judge presiding.

Counsel of Record:

     For Appellants:

          Mark P. Sullivan argued, Butte, Montana

     For Respondent:

          John G. Winston argued, County Attorney, Butte,
          Montana
          Jack Parker argued, Deputy County Attorney, Butte,
          Montana

     For Amicus Curiae:

          Luxan and Murfitt, Helena, Montana
          Terence B. Cosgrove argued, Helena, Montana

---

                         Submitted:  October 20, 1976

                         Decided: NOV 12 1976

Filed:  NOV 12

Thomas J. Kearney
                                        Clerk

Mr. Chief Justice James T. Harrison delivered the Opinion of the Court.

This is an original proceeding wherein defendants-appellants petitioned for a stay of execution of a judgment of conviction and forfeiture of public office. Counsel was heard ex parte and the matter taken under advisement. Thereafter the Court ordered an adversary hearing and stayed execution of the judgment until the further order of the Court.

The adversary hearing was held, briefs filed, oral argument had and the cause submitted.

It appears that defendants were charged with official misconduct, a misdemeanor, in the district court of Silver Bow County. A jury trial resulted in a unanimous verdict of guilty and a judgment of conviction was entered. The gist of the charge was that defendants, who were the members of the board of county commissioners, had entered into two contracts for county road construction, one for $2,898 and the other for $9,901, without first advertising for bids.

The judgment did not contain any order of forfeiture of office as specified in section 94-7-401(4), R.C.M. 1947, as amended, but the presiding district judge advised defendants at the time the judgment was entered that they would no longer be able to perform any official duties as county commissioners because of the application of such section.

Defendants applied to the district court for an order staying execution which was denied. The application to this Court followed. Defendants have appealed their convictions.

It is agreed that the only questions now before this Court are whether or not the appeal stayed the forfeiture of office, and, if not, can such forfeiture be stayed by this Court in view of the provisions of the statutory law?

Section 94-7-401(4), R.C.M. 1947, as amended, insofar as

herein pertinent, provides:

"(4)   A public servant who has been charged as provided in subsection (3) may be suspended from his office without pay pending final judgment. Upon final judgment of conviction he shall permanently forfeit his office.  Upon acquittal he shall be reinstated in his office and shall receive all back pay."

This paragraph is not a portion of the penalty section, which is section 94-7-401(2), R.C.M. 1947, and reads:

"(2)   A public servant convicted of the offense of official misconduct shall be fined not to exceed five hundred dollars ($500) or be imprisoned in the county jail for a term not to exceed six (6) months, or both."

Counsel admit that a review of the cases involving like situations show a split of authority.  We are impressed with the reasoning of the Arizona Supreme Court in State vs. Sullivan, 66 Ariz. 348, 188 P.2d 592,599, from which we quote:

" * * * It is our opinion that a vacancy is created the moment a judgment of conviction is entered against a public officer.  No appeal or certificate of probable cause can avoid the vacancy or the necessity for appointment.  We cite with approval the case of McKannay v. Horton, 151 Cal. 711, 91 P. 598, 601, 13 L.R.A., N.S., 661, 121 Am.St.Rep. 146, in which the court said:

"' * * * The only effect of an appeal and certificate of probable cause is to stay the execution of the judgment.  Removal from office is not part of the judgment of conviction in cases of felony, though a consequence which flows from it, and the statute in express terms defines and thereby limits the effect of the appeal and certificate of probable cause. * * *'

"To like effect see State v. Chapmen, 187 Wash. 327, 60 P.2d 245, 106 A.L.R. 640; In re Obergfell, 239 N.Y. 48, 145 N.E. 323.

"The object of the removal of a public officer for official misconduct is not to punish the officer, but to improve the public service.  The public interest demands that public affairs be administered by officers upon whom rests no stigma of conviction of a felony, or of any offense involving a violation of their official duties."

The Annotation in 71 ALR2d 593, 600, discusses many cases and the annotator states:

"A majority of the cases, where there were provisions

declaring, in substance, that a public
office shall become vacant upon the incumbent's
conviction of a felony or certain other crimes,
have held that, notwithstanding an appeal, there
was a conviction within the meaning of the pro-
visions and that such conviction caused an immed-
iate vacancy, despite the appeal, the courts in
most instances reasoning, to one degree or another,
along the following lines:  that the vacancy in,
or removal from, office resulting from the con-
viction was not a punishment and did not consti-
tute part of the judgment of conviction, but was
a consequence imposed in the interest of the
public and of sound government, and that it would
be against this public interest to retain in office,
pending an appeal, one who, upon a verdict of guilty
or judgment and sentence by the court, was no longer
presumed to be innocent, but who thereafter, during
the pendency of the appeal, was presumed to be
guilty, even though he might ultimately succeed
in establishing his innocence.  Thus, an appeal,
or certificate of reasonable doubt or probable
cause, has been held to have no effect on, and not
to avoid the vacancy in office of-- * * *".

See, also, People v. McGuane, 13 Ill.2d 520, 150 N.E.2d
168, 71 ALR2d 580.

In State ex rel. Anderson v. Fousek, 91 Mont. 448, 456, 457,
8 P.2d 791, this Court stated:

" * * * It may be said in passing that the proceed-
ings before the police commission, under the circum-
stances, were idle and useless. * * * The action
of the mayor in permanently discharging relator
was also unnecessary to his effective removal.  By
force of the statute, his office became vacant upon
his conviction of the felony. * * *"

This case was later overruled in part in Melton v. Oleson,
165 Mont. 424, 530 P.2d 466, as to the holding that the classifi-
cation of the offense as to felony or misdemeanor was to be inter-
preted by the law of the jurisdiction where the conviction was
had was controlling, not the law of Montana.  The Court in the
latter case held that it was the law of Montana which controls
and not the law of the jurisdiction where the conviction was had.
This portion of the Anderson opinion is not involved in this cause.

It is our holding that the appeal does not stay the
forfeiture of the office.

Turning now to the matter of whether or not this Court

- 4 -

can stay such forfeiture. Defendants assert that they are entitled to a stay of the forfeiture of office by virtue of section 95-2406, R.C.M. 1947. While this section provides that a stay may be granted pending an appeal in cases of death sentence, imprisonment, fine and probation, it contains no such provision with respect to forfeiture of office.

Defendants contend that we should adopt a strict construction of the words "final judgment" contained in section 94-7-401(4), as amended, and that a public officer should not be compelled to vacate his office until the "final judgment" on his appeal. We do not accept such contention.

Rule 1, M.R.App.Civ.P., provides in part:

"A party aggrieved may appeal from a judgment or order, except when expressly made final by law, in the following cases:

"(a)  From a final judgment entered in an action or special proceeding commenced in a district court, or brought into a district court from another court or administrative body." (Emphasis supplied.)

Rule 7, M.R.App.Civ.P., in part provides:

"(c)  No stay of proceedings shall be allowed upon a judgment or order which adjudges the defendant guilty of usurping, or intruding into, or unlawfully holding public office, civil or military, within this state; or which grants a writ of mandamus, or of prohibition, against a tribunal, corporation, public officer, or board, commanding certain acts to be done which ought to be done by such tribunal, corporation, public officer, or board, and not involving the payment or allowance of money or its equivalent."

Section 95-2404, R.C.M. 1947, in part provides:

"(a)  An appeal may be taken by the defendant only from a final judgment of conviction, and orders after judgment which affect the substantial rights of the defendant." (Emphasis supplied.)

These sections of our statutory law spell out the public policy of the state and only in extraordinary circumstances should this Court invoke the authority granted by Rule 62(g), M.R.Civ.P. Such circumstances do not exist in this matter.

- 5 -

Nor should we suspend the rules as provided in section 95-2402, R.C.M. 1947.

In view of what has been heretofore stated it is our considered opinion that the forfeiture is automatic upon conviction and in this cause it should not be stayed.

The relief sought by the defendants is therefore denied. Let remittitur issue forthwith.

------------------------------------------
Chief Justice

We concur:

------------------------------------------

------------------------------------------

------------------------------------------
Justices

------------------------------------------
Hon. Jack Green, District Judge,
sitting in place of Mr. Justice
Wesley Castles.