■ In the Matter of PETER TORO, Respondent, v BENJAMIN J. MALCOLM, as Commissioner of the Department of Correction of the City of New York, et al., Appellants.—Order and judgment (one paper), Supreme Court, New York County, entered May 12, 1976, is modified, on the law, without costs, to strike the decretal paragraph therein and to substitute the following decretal paragraph: "ORDERED AND ADJUDGED, that the application be granted to the extent of directing respondents to pay petitioner back pay, inclusive of contract raises and benefits which would have been received by petitioner during the period from August 30, 1971 to June 24, 1974, less

uniform allowances, vacation pay and any monies earned by him during said period of time, and also less 30 days pay." We agree with the factual recitation of the dissenting opinion and with all of its legal conclusions except that which would deny the petitioner recovery of compensation after his conviction on May 24, 1973. Agreeing especially that the petitioner has suffered a great injustice, we do not feel that the law requires the insufficient relief the dissent would accord him. Conceding that *Matter of Obergfell* (239 NY 48) and *Matter of Pauley v Noeppel* (1 Misc 2d 928), cited by the dissent, hold that conviction of a public officer vacates his office and that reversal of the conviction does not work an automatic reinstatement, we cannot so easily conclude therefrom that the city was without power to reimburse the petitioner the pay he would have received once the conviction was reversed. Neither *Obergfell* nor *Pauley* reaches the basic question here —does the law deny the petitioner the compensation he would have received as a public officer from the date his office was vacated by reason of his conviction to the date of reinstatement after it was determined that his conviction was erroneous for a mistaken identification. We have found no direct ruling on the point in this State. Other States have split on the question (see 67 CJS, Officers, § 86, subd a; 106 ALR 644). We find, however, that an analogy may be drawn from *Matter of Jerry v Board of Educ.* (35 NY2d 534). There a school teacher was properly suspended from his position with the result that he neither held the position nor performed its duties. Yet, the court found that these were not reasons to prohibit his receiving compensation for the position because the statute authorizing the suspension was silent whether pay should continue or not (even though another subdivision provided for full recompense if the teacher were ultimately acquitted of the charges). More recently the court permitted suspension without pay but only because in that instance the statute specifically forbade pay *(Matter of Meliti v Nyquist,* 41 NY2d 183). Section 30 (subd 1, par e) of the Public Officers Law requiring vacation of an office upon conviction is silent whether an officer whose position is so vacated should be paid should his conviction be reversed and the charge dismissed. The court stated in *Jerry* (pp 541–542), "Compensation is a matter of such substantive right on the part of the teacher that we conclude that it cannot be taken away from him except pursuant to explicit statutory authorization". If true there, how much truer here where the petitioner has been trapped by a miscarriage of justice. Concur—Murphy, Birns and Lynch, JJ.; Stevens, P. J., and Silverman, J., dissent in part in the following memorandum by Silverman, J.: We differ from the majority only in that we would not allow petitioner any back pay for the period after May 24, 1973, the date of his felony conviction. On August 30, 1971, petitioner, a correction officer of the City of New York, was arrested and charged with burglary and related crimes. He was immediately suspended by the Corrections Department without pay, pending the disposition of the criminal charges. No departmental disciplinary charges were ever served upon him. On March 23, 1973, he was found guilty of the charges, and on May 24, 1973, he was sentenced to a term of imprisonment. The Corrections Department thereafter informed petitioner that upon his conviction of a felony, his position as a correction officer was vacated pursuant to section 30 (subd 1, par e) of the Public Officers Law. Petitioner remained on bail pending his appeal. On May 20, 1974, the Appellate Division, Second Department, unanimously reversed the conviction and dismissed the indictment, in essence holding that the identification was mistaken. *(People v Toro,* 44 AD2d 848.) On June 24, 1974, the Corrections Department, without request, reinstated petitioner to his posi-

tion as a correction officer. On May 1, 1975, respondent informed petitioner that he was not entitled to back pay. Petitioner commenced an article 78 proceeding on May 8, 1975, which was dismissed on July 18, 1975, for failure to file the requisite notice of claim. He filed such a notice of claim and thereafter commenced this article 78 proceeding on October 1, 1975. Special Term granted judgment in favor of petitioner for back pay for the entire period from the date of his original suspension. We would modify to exclude from the back pay recovery the period after petitioner's sentence on the felony conviction plus 30 days. Obviously, petitioner has suffered a great injustice. However, with respect to the period following his conviction, the controlling authority is that on conviction of a felony—rightly or wrongly— a public office is vacated under the provisions of section 30 (subd 1, par e) of the Public Officers Law. In *Matter of Obergfell* (239 NY 48, 50), the Court of Appeals said: "The abridgment of the term upon the conviction of the incumbent is not a punishment for his offense. * * * It is an automatic limitation upon the duration of his office * * * The application of the statute is not defeated by the possibility that the judgment may be reversed." This is an "abridgment" of the term of office. Even a reversal of the conviction does not work an automatic reinstatement. *(Matter of Pauley v Noeppel,* 1 Misc 2d 928, 931.) Thus, from the time of his conviction of the felony until his reinstatement following reversal, petitioner was not a correction officer and the city was without power to pay him, or to permit him to render services as a correction officer. His office was vacated by operation of law. Subdivision 3 of section 75 of the Civil Service Law authorizes suspension of an employee without pay for a period not exceeding 30 days. We think the Corrections Department had the right, and perhaps the duty, upon the arrest, to suspend petitioner for 30 days. Accordingly, petitioner is not entitled to pay for the first 30 days of his suspension. Beyond that, however, the city had no right to continue the suspension without pay, at least in the absence of a showing of either waiver or some responsibility by petitioner for the delay. *(Matter of Lytle v Christian,* 47 AD2d 824.) There was no such showing. Petitioner's claim for back pay was rejected by a letter of May 1, 1975. The four-month period of limitations prescribed by CPLR 217 was extended by the provisions of CPLR 205 (subd [a]) and, accordingly, the petition was timely.