OPINION OF THE COURT
Jasen, J.
The issue posed on this appeal is whether a public officer whose felony conviction is reversed on appeal is entitled to an *149 award of back pay from the date of his conviction to the date of his voluntary reinstatement.
Respondent, Peter Toro, was appointed on September 8, 1969 as a Correction Officer of the New York City Correction Department. On August 30, 1971, respondent was arrested and charged with burglary, petit larceny, and impersonating a police officer. After a jury trial, he was convicted of these charges and was sentenced to a maximum term of four years’ imprisonment. On October 4, 1973, respondent was notified that, pursuant to section 30 of the Public Officers Law, his office was vacated effective May 24, 1973 — the date of his conviction and sentencing for the felony of burglary in the third degree.
Upon appeal, the Appellate Division reversed respondent’s conviction and dismissed the indictment. The court concluded that the complainant’s eyewitness identification of respondent was tainted and should have been suppressed. Absent this identification, noted the court, the People’s case rested on the uncorroborated testimony of a self-confessed participant. Additionally, the court believed that respondent’s testimony concerning his whereabouts on the day of the crime raised a reasonable doubt as to his guilt. It was the interaction of these factors which led the Appellate Division to reverse respondent’s conviction and dismiss the indictment.
After the Department of Correction voluntarily reinstated the petitioner as a correction officer, he commenced an article 78 proceeding to recover back pay for the interim between his suspension and reinstatement. Special Term awarded respondent back pay from the date of his suspension to the date of his reinstatement. The Appellate Division, with two Justices dissenting in part, modified the order and judgment of Special Term by excluding from the award 30 days’ pay. (See Civil Service Law, § 75.) The dissenters would also have excluded from the award back pay for the period between respondent’s conviction and his voluntary reinstatement.
We hold that a public officer whose felony conviction is reversed on appeal and who is voluntarily reinstated is not entitled to recover back pay for the period between his conviction and voluntary reinstatement.
 The directive contained in section 30 of the Public Officers Law is clear and unqualified: every public office becomes vacant upon the officer’s conviction of a felony. A conviction of the incumbent constitutes an abridgement of the *150 office, automatically terminating its duration. (Matter of Obergfell, 239 NY 48, 50; Matter of Breslin v Leary, 35 AD2d 794, 795; see, generally, 3 McQuillin, Municipal Corporations, pp 432-433.) It follows that once an office becomes vacant, the contingency of reversal of the judgment of conviction does not defeat the operation of this statutory directive. (Matter of Obergfell, supra; Officer — Conviction of Crime, Ann., 71 ALR2d 593, 600.) Nor does the actual reversal of the judgment of conviction require the reinstatement of the former officer (Matter of Breslin v Leary, 35 AD2d, at p 795, supra; Matter of Smith v Noeppel, 204 Misc 49, 51; Matter of Pauley v Noeppel, 1 Misc 2d 928, 931; Tourjie v Noeppel, 120 NYS2d 478, 482), and the award of back pay for the intervening period (Matter of Breslin v Leary, 35 AD2d 794, supra; 15 Opns St Comp, 1959, p 437).
As a matter of policy, the Legislature did not choose to provide merely for suspension from office upon an officer’s conviction of a felony, but chose instead to declare the office vacant upon conviction. Hence, during the hiatus between petitioner’s vacatur of office and voluntary reinstatement, he was not a correction officer, nor did he render services as a correction officer. Absent his continued status as a correction officer, no statutory authority exists for the payment of petitioner’s salary, or to permit him to render services as a correction officer. (See Matter of Davis v Impelliteri, 197 Misc 162, 164.)
The automatic termination of a public office upon the officer’s conviction of a felony is not a punishment meted out in consequence of the conviction. (Officer — Conviction of Crime, Ann., 71 ALR2d, at p 600.) But rather, it is a legislative decision borne of the recognition that a public officer’s conviction of a felony does not permit the cessation of governmental functions for the period required to exhaust the appellate process. Continued performance of governmental functions necessitates the existence of a point in time at which the affected office may be filled without concern for the possibility that at some future date a former officer’s conviction may be reversed. Certainly, a government agency should not be faced with the possible dilemma of having two officers for the same position.
Admittedly, a situation, and perhaps this case may be construed as one, may arise in which an innocent officer is unjustly convicted of a felony, necessitating a reversal of the *151 conviction on appeal. In that event, the unfortunate officer’s loss of public office and its accompanying financial remuneration would, of course, be tragic. But such a hard case should not lead us to make bad law. To adopt a general rule, as the dissenters propose, that public officers whose convictions have been reversed be automatically reinstated to their former office and awarded back pay, would apply to all public officers whose convictions were reversed regardless of the basis for the reversal. For example, notwithstanding conclusive evidence of guilt — a voluntary admission or confession — a conviction may be reversed on the ground of double jeopardy or that the applicable Statute of Limitations has run. Similarly, convictions may be reversed where evidence sufficient to establish guilt indisputably exists, but because of certain police or prosecutorial irregularities or violations of law, the evidence must be suppressed. Also possible is the reversal of a conviction solely because of the absence of a transcript deemed necessary to demonstrate the existence of appealable issues. (See, e.g., People v Rivera, 39 NY2d 519.)
While we are sympathetic to the plight of a truly innocent officer unjustly accused and convicted, we are opposed to establishing a general rule which would provide unjustified relief to others not equally deserving.
To urge that a public officer whose conviction is reversed on appeal on a legal technicality, and who is automatically reinstated and awarded back pay, may nevertheless be discharged for misconduct pursuant to a disciplinary proceeding misses the point. The fact that the reinstated officer may be ultimately discharged would have no effect on his right to receive back pay. Pursuant to section 75 of the Civil Service Law, an officer found guilty of misconduct and discharged is entitled to receive his salary from the date of suspension to discharge, less 30 days’ pay. (See, e.g., Matter of Mason v Perrotta, 41 AD2d 916.) Thus, notwithstanding an eventual finding of misconduct, the officer would be entitled to receive back pay for a period which would include the interim between the date of conviction and the date of discharge. Where a conviction is reversed for a legal technicality in no way indicative of innocence, the public should not be required to continue to pay the officer’s salary until its interest is ultimately vindicated.
In weighing the interest of a public officer convicted of a felony, whether justly or unjustly, against that of the public, *152 the balance must be struck in favor of the public’s right to rest assured that its officers are individuals of moral integrity-in whom they may, without second thought, place their confidence and trust. (See Matter of Pauley v Noeppel, 1 Misc 928, 931, supra; 30 Col L Rev 1045, 1050.) A felony conviction, notwithstanding its reversal on appeal, may in many cases shatter this ideal. To avoid this occurrence, we believe the Legislature has chosen to vacate a public office upon the officer’s conviction of a felony. More than 50 years ago we so held in Matter of Obergfell (239 NY 48, supra) and the Legislature has not changed or amended the substance of section 30 since our decision. In the face of this clear statutory directive, the courts lack the power to order the reinstatement of a former officer or an award of back pay based upon the subsequent reversal of the officer’s conviction.
In a similar vein, an attorney, as an officer of the court, who is convicted of a felony is ipso facto disbarred. (Matter of Mitchell, 40 NY2d 153, 156; Matter of Barash, 20 NY2d 154, 157; Matter of Ginsberg, 1 NY2d 144, 147.) Reversal of the conviction does not automatically restore the attorney to the Bar. (Matter of Ginsberg, supra.) To attain this relief, the attorney must make a motion for reinstatement. (Matter of Barash, 20 NY2d, at p 158, supra.) In deciding whether to grant a motion to reinstate, the Appellate Division has discretion under section 90 of the Judiciary Law "to take a realistic view of all of the circumstances in the case in order to prevent injury to clients or to the public.” (Id., at p 159.) To this extent, an attorney’s restoration to the Bar cannot be said to be automatic. Nor if and when granted is such restoration retroactive — there remains the period of disbarment from the date of the conviction to the date of restoration.
Moreover, unlike the power exercised by the Appellate Division in determining whether a disbarred attorney should be restored to the Bar, it is not the courts which possess the discretion to reinstate a public officer whose felony conviction has been reversed on appeal. That decision, as in the case of an initial appointment to public office, lies in the discretion of the governmental agency in which the officer was employed. (Matter of Pauley v Noeppel, 1 Misc 928, 932, supra.)
For the reasons stated, the certified question is answered in the negative and the order of the Appellate Division modified, with costs, to provide that petitioner is not entitled to back *153 pay for the period after May 24, 1973, the date his office as a correction officer became vacant.