OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Defendant was indicted for murder in the second degree, assault in the second degree and criminal possession of a weapon in the second degree. His first trial ended in a mistrial when the jury declared that it was hopelessly deadlocked. At his second trial, manslaughter in the first degree was submitted to the jury as a lesser included offense of second degree murder. Defendant was acquitted of second degree murder and assault but convicted of first degree manslaughter and second degree criminal possession of a weapon.
On defendant’s appeal, the Appellate Division reversed due to prejudicial trial error and ordered a new trial (92 AD2d 873). Thereafter, that court granted defendant’s motion to reargue the appeal and, on reargument, substituted a new decretal paragraph in its prior order so as to direct a new trial only on the criminal possession of a weapon count and otherwise to dismiss the indictment without prejudice to the People re-presenting any appro *635 priate charges to another Grand Jury (96 AD2d 847). The People have appealed to our court contending that the corrective action directed by the Appellate Division in reversing is illegal under CPL 470.20 (subd 1).
Inasmuch as defendant had been acquitted of second degree murder, further prosecution on that charge was barred by double jeopardy. Further, the Appellate Division could not order a new trial on the lesser included offense of first degree manslaughter because the indictment had to be dismissed as to the murder charge and there was thus nothing remaining to support further criminal prosecution for manslaughter under that accusatory instrument (People v Mayo, 48 NY2d 245, 253; followed in People v Villani, 59 NY2d 781; People v Beslanovics, 57 NY2d 726). The Appellate Division thus properly dismissed the indictment, except as to the weapon possession count, with leave to the People to re-present any appropriate charges to another Grand Jury.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
On review of submissions pursuant to rule 500.2 (b) of the Rules of the Court of Appeals (22 NYCRR 500.2 [g]), order affirmed in a memorandum.