*967 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Constitutionally protected property rights in a public office "are created and their dimensions are defined” by, among other things, State law (Board of Regents v Roth, 408 US 564, 577; Greene v McGuire, 683 F2d 32, 34). While this State’s Civil Service Law certainly creates a protected property interest in a police officer’s position, Public Officers Law § 30 (1) (e) mandates that a public office automatically becomes vacant upon an officer’s "conviction of a felony”. This provision was enacted substantially in its present form nearly 100 years ago (L 1892, ch 681), and we held early on that its "application * * * is not defeated by the possibility that the judgment [of conviction] may be reversed” (Matter of Obergfell, 239 NY 48, 50).
Upon a more recent examination of the statute in light of a dismissed correction officer’s application for back pay following an appellate reversal of his felony conviction, we noted that "[t]he directive contained in section 30 of the Public Officers Law is clear and unqualified: every public office becomes vacant upon the officer’s conviction of a felony. A conviction of the incumbent constitutes an abridgement of the office, automatically terminating its duration. (Matter of Obergfell, 239 NY 48, 50 [supra]; Matter of Breslin v Leary, 35 AD2d 794, 795; see, generally, 3 McQuillin, Municipal Corporations, pp 432-433.)” (Matter of Toro v Malcolm, 44 NY2d 146, 149-150 [emphasis in original].) We attributed the statute’s absolute effect to "a legislative decision borne of the recognition that a public officer’s conviction of a felony does not permit cessation of governmental functions for the period required to exhaust the appellate process. Continued performance of governmental functions necessitates the existence of a point in time at which the affected office may be filled without concern for the possibility that at some future date a former officer’s conviction may be reversed” (id., at p 150). In fashioning this broad rule, we expressed sympathy with the "plight of a truly innocent officer unjustly accused and convicted”, but nonetheless interpreted the statute in conformance with its plain meaning in the manner most suitable to effectuating the Legislature’s intent (id.).
Since the decision in Toro, the Legislature has not seen fit *968 to alter the law in this area as formulated by the Courts or to carve out a statutory exception in cases where a public officer has been wrongfully convicted. We cannot agree with our dissenting colleagues that this is a different case in any meaningful sense. Petitioner was "convicted of a felony.” At that point his position was terminated and under State law he no longer had a protectable property interest in the office that would mandate a reinstatement hearing (Greene v McGuire, 683 F2d 32, supra).