■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARBARA HOY, Appellant.—Judgment unanimously reversed, on the law, and indictment dismissed without prejudice to the People to re-present a charge of criminally negligent homicide to another Grand Jury. Memorandum: Defendant was indicted

on the charge of manslaughter in the first degree and was convicted of criminally negligent homicide. At trial, defendant's position was that as a victim of battered wife syndrome, she acted justifiably and without intent to kill her husband when she shot him while he was coming at her in a threatening manner. Based upon facts elicited by the defense, the trial court over the objection of defendant charged the jury with respect to the elements of manslaughter in the second degree and criminally negligent homicide as lesser included offenses. In doing so, the court acted properly under the facts presented in accordance with the holdings of this court in *People v Usher* (39 AD2d 459, *mod* 40 AD2d 1079, *affd* 34 NY2d 600).

Having elected to charge the lesser included offenses, the trial court erred, however, in not charging the affirmative defense of justification with respect to said offenses. The failure to charge the defense of justification to lesser included offenses makes it possible for a jury to find defendant not guilty of the greater offense by reason of justification, but leaves open the possibility of a contradictory finding that the defendant is guilty of the lesser charge despite such finding of justification. A finding of not guilty by reason of justification to the manslaughter, second degree, charge precludes a finding of guilt to any lesser charge *(People v Huntley,* 87 AD2d 488, *affd* 59 NY2d 868). The Court of Appeals in *People v McManus* (67 NY2d 541, 546), makes this very clear by stating: "The [justification] defense does not operate to excuse a criminal act, nor does it negate a particular element of a crime. Rather, by recognizing the use of force to be privileged under certain circumstances, it renders such conduct entirely lawful".

Further, the defense of justification must be charged in any crime of force regardless of the particular *mens rea* where as here, there is evidence presented to support this defense *(People v McManus, supra).*

While defendant did not specifically request a charge of justification for the crime of criminally negligent homicide, she did make such a request for manslaughter in the second degree, and it is clear from the court's refusal to so charge that its ruling would be the same had the defense requested this charge for criminally negligent homicide. Under these facts, the issue was properly preserved for appeal.

We have reviewed the remaining issues raised by defendant and find that none requires a new trial. Inasmuch as defendant has been acquitted of manslaughter in the first degree and manslaughter in the second degree, the highest charge for

which defendant may now be indicted is criminally negligent homicide *(see, People v Gonzales,* 61 NY2d 633, 635). (Appeal from judgment of Monroe County Court, Celli, J.—criminally negligent homicide.) Present—Doerr, J. P., Boomer, Balio, Lawton and Schnepp, JJ.