■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICIA STALLINGS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Heller, J.), rendered July 15, 1985, convicting her of manslaughter in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and the indictment is dismissed, without prejudice to the People to re-present any appropriate charges to another Grand Jury (see, People v Beslanovics, 57 NY2d 726); and it is further,

Ordered that upon service upon him of a copy of this decision and order, with notice of entry, the official having custody of the defendant's person is directed to produce her, forthwith, before the Supreme Court, Kings County, at which time that court shall issue a securing order pursuant to CPL 470.45, either releasing the defendant on her own recognizance, or fixing bail, or committing her to the custody of the New York City Department of Correctional Services pending resubmission of the case to the Grand Jury and the Grand Jury's disposition thereof (cf., CPL 210.45 [9]). Such securing order shall remain in effect until the first to occur of any of the following: (a) a statement to the court by the People that they do not intend to resubmit the case to a Grand Jury, (b) arraignment of the defendant upon an indictment filed as a result of resubmission of the case to a Grand Jury, (c) the filing with the court of a Grand Jury dismissal of the case following resubmission thereof, or (d) the expiration of a period of 45 days from the date of this decision and order, provided that such period may, for good cause shown, be extended by the Supreme Court, Kings County, to a designated subsequent date if such be necessary to accord the People a reasonable opportunity to resubmit the case to a Grand Jury.

At approximately 3:00 A.M. on March 27, 1984, Frank Washington was found dead on the sixth floor stairwell of 340 Williams Avenue, Brooklyn, the victim of a single stab wound

to the abdomen. The defendant was indicted on the charge of manslaughter in the first degree.

The defendant was the only witness in her behalf. She claimed that the decedent, with whom she had previously lived, had assaulted her and threatened her with a knife. During the struggle which ensued, in the course of defending herself, the decedent was stabbed. The defendant sought to testify to past assaults committed by the decedent on her. The court permitted testimony regarding two incidents which occurred within months of the stabbing, but prohibited testimony about incidents which occurred more than one year prior thereto. The defendant also sought to introduce testimony about a protective order granted in November 1983, which directed the decedent to stay away from the defendant.

The court charged manslaughter in the second degree as a lesser included offense of manslaughter in the first degree but refused the defendant's request to charge criminally negligent homicide. The court further charged justification as a defense to manslaughter in the first degree but refused to charge justification as a defense to manslaughter in the second degree and noted the defendant's exception. The jury acquitted her of manslaughter in the first degree but convicted her of manslaughter in the second degree.

The failure of the court to charge justification as a defense to manslaughter in the second degree constituted reversible error *(see, People v Huntley,* 59 NY2d 868). We reject the People's contention that there was overwhelming evidence that the defendant's actions were not justified such that the failure to charge justification constituted harmless error. In view of the fact that the defendant was acquitted of the charge for which she was indicted, manslaughter in the first degree, there can be no further prosecution under this indictment and it must be dismissed *(see, People v Gonzalez,* 61 NY2d 633). However, as the reversal of the defendant's conviction is based solely on legal grounds, the People are hereby given leave to re-present any appropriate charges to another Grand Jury *(see, People v Beslanovics, supra; People v Gonzalez, supra; People v Mayo,* 48 NY2d 245).

We reach the propriety of the other challenged rulings in the event the defendant should be reindicted and retried.

The court was within its discretion in prohibiting testimony concerning the alleged assaults which occurred in 1979 and 1980 as being too remote in time to have impacted upon the defendant's mental state at the time of the stabbing *(see,*

*People v Miller,* 39 NY2d 543). However, under the circumstances of this case, we conclude that the assault which allegedly occurred in March 1983 was probative and, thus, testimony concerning it should have been permitted *(see, People v Miller, supra).*

The court's exclusion of the defendant's testimony about the protective order, absent the original or a copy of that order, was proper.

Whether the crime of criminally negligent homicide should have been submitted to the jury involves a two-prong test, requiring that (1) that crime is in fact a lesser included offense of the crime for which the defendant was indicted, and (2) viewing the evidence in the light most favorable to the defendant *(see, People v Martin,* 59 NY2d 704), it must support a finding that the defendant committed the lesser, but not the greater, offense *(see,* CPL 300.50 [1]; *People v Blim,* 63 NY2d 718).

Criminally negligent homicide is a lesser included offense of manslaughter in the first degree and, therefore, the first prong of the test is satisfied. However, under no reasonable view of the evidence presented at this trial could the defendant have been said to have acted with criminal negligence. A person acts with criminal negligence "when he fails to perceive a substantial and unjustifiable risk" (Penal Law § 15.05 [4]). In this case, there was no objective or subjective testimony to establish that the defendant failed to perceive a substantial or unjustifiable risk that the struggle could lead to an injury *(see, People v Strong,* 37 NY2d 568).

Thus, although the defendant could be found to have acted with recklessness to support a conviction of manslaughter in the second degree (the next "greater" offense charged to the jury), she could not have been found to have acted with criminal negligence and, thus, the court properly refused to so charge. Lawrence, J. P., Eiber, Kunzeman and Sullivan, JJ., concur.