■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUDOLPH HAYS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leahy, J.), rendered August 21, 1985, convicting him of manslaughter in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and the indictment is dismissed, without prejudice to the People to re-present any appropriate charges to another Grand Jury *(see, People v Beslanovics,* 57 NY2d 726); and it is further,

Ordered that upon service upon him of a copy of this decision and order, with notice of entry, the official having custody of the defendant's person is directed to produce him, forthwith, before the Supreme Court, Queens County, at which time that court shall issue a securing order pursuant to CPL 470.45, either releasing the defendant on his own recognizance, or fixing bail, or committing him to the custody of the New York City Department of Correctional Services pending resubmission of the case to the Grand Jury and the Grand

Jury's disposition thereof *(cf.,* CPL 210.45 [9]); the securing order shall remain in effect until the first to occur of any of the following: (a) a statement to the court by the People that they do not intend the resubmit the case to a Grand Jury, (b) arraignment of the defendant upon an indictment filed as a result of resubmission of the case to a Grand Jury, (c) the filing with the court of a Grand Jury dismissal of the case following resubmission thereof, or (d) the expiration of a period of 45 days from the date of this decision and order, provided that such period may, for good cause shown, be extended by the Supreme Court, Queens County, to a designated subsequent date if such be necessary to accord the People a reasonable opportunity to resubmit the case to a Grand Jury.

On December 9, 1984, at approximately 1:30 A.M., Sharon Walker was shot to death in the vicinity of 106th Avenue and 177th Street in Queens. The defendant was subsequently indicted, *inter alia,* on two counts of murder in the second degree (intentional murder and depraved indifference murder). At the trial, the defendant interposed defenses based on Penal Law § 35.15 (2) (justification), and Penal Law § 40.15 (not responsible by reason of mental disease or defect). Although the jury was instructed as to these defenses, as well as on the lesser included offenses of manslaughter in the first degree and manslaughter in the second degree, the court charged the jury that justification was not a defense to manslaughter in the second degree. The court also neglected to charge the jury with respect to the consequences of a verdict of not responsible by reason of mental disease or defect *(see,* CPL 300.10 [3]).

The failure of the court to charge justification as a defense to manslaughter in the second degree constituted reversible error *(see, People v Huntley,* 59 NY2d 868; *People v Stallings,* 128 AD2d 908), and that error, in view of the conflicting evidence, cannot be viewed as harmless. Additionally, we note that the court's failure to charge as to the consequences of a verdict of not responsible by reason of mental disease or defect as required by CPL 300.10 (3) also constituted error *(see, People v Kinitsky,* 119 AD2d 159). Although this error has not been preserved as a matter of law for appellate review *(see,* CPL 470.05 [2]), we have reviewed the error in the exercise of our discretion in the interest of justice *(see,* CPL 470.15 [6]) because the nature of the evidence offered to establish the defendant's defense of not responsible by reason of mental disease or defect clearly presented a factual issue for the jury's resolution. A new trial is, thus, required. In view of the

fact that the defendant was acquitted of the charges for which he was indicted, there can be no further prosecution under this indictment and it must be dismissed *(see, People v Gonzalez,* 61 NY2d 633). However, as the reversal of the defendant's conviction is based on errors of law, the People are hereby given leave to re-present any appropriate charges to another Grand Jury *(see, People v Beslanovics, supra; People v Gonzalez, supra; People v Mayo,* 48 NY2d 245).

We reach the propriety of the other challenged rulings in the event that the defendant should be reindicted and retried.

We reject the defendant's contention that Penal Law § 40.15 unconstitutionally relieves the People of their burden of proving all of the elements of the crimes charged beyond a reasonable doubt *(see, People v Patterson,* 39 NY2d 288, *affd* 432 US 197). Furthermore, the court was within its discretion in allowing the Assistant District Attorney to cross-examine the defendant regarding his ownership of and experience with guns as this evidence was probative of the defendant's knowledge and awareness of the risks attendant to his conduct. Thompson, J. P., Bracken, Rubin and Eiber, JJ., concur.