*228 OPINION OF THE COURT
Bruce McM. Wright, J.
In this CPLR article 78 proceeding, petitioner, a former police officer, seeks an order directing respondents to hold a reinstatement hearing pursuant to Public Officers Law § 30 (1) (e), as well as a name-clearing hearing. Respondents have cross-moved for an order pursuant to CPLR 3211 (a) (5), (7) and 7804 (f), dismissing the petition on the grounds that it is time barred and fails to state a cause of action.
Petitioner Rudolph Hays served as a policeman from 1951 to 1985, during which time he was promoted to the rank of sergeant. In December 1984, petitioner was suspended from the police force and served with departmental charges, after he shot and killed a civilian while he was off duty. Due to that incident, petitioner was indicted for two counts of murder in the second degree; attempted murder in the second degree; criminal use of a firearm in the first degree and reckless endangerment in the first degree.
In June 1985, Hays was convicted by a jury verdict of manslaughter in the second degree, and sentenced to an indeterminate sentence of 5 to 15 years. He was subsequently dismissed from the police department. On July 13, 1987, the Appellate Division, Second Department, reversed the conviction, "on the law and as a matter of discretion in the interest of justice” and the indictment was dismissed without prejudice to the People re-presenting any appropriate charges to another Grand Jury (People v Hays, 132 AD2d 620). The Second Department held that "[t]he failure of the court to charge justification as a defense to manslaughter in the second degree constituted reversible error”, as did "the court’s failure to charge as to the consequences of a verdict of not responsible by reason of mental disease or defect as required by CPL 300.10 (3)” (132 AD2d, supra, at 621).
Hays was subsequently indicted for second degree manslaughter and a jury trial resulted in a verdict on July 26, 1988 of not criminally responsible by reason of mental disease or defect. Petitioner then sought reinstatement to the police department; petitioner’s request for reinstatement was denied, as was his request for an evidentiary hearing to consider the possibility of reinstatement.
Both petitioner and respondents cite Public Officers Law § 30 (1) (e) in support of their arguments regarding petitioner’s right to a reinstatement hearing. The Public Officers Law *229 provides, in pertinent part, that "[e]very office shall be vacant upon * * * [the officer’s] conviction of a felony, or a crime involving a violation of his office” (Public Officers Law § 30 [1] [e]). Prior to 1987, the statute was silent as to the officer’s right to a hearing if he applied for reinstatement upon the reversal or vacatur of his conviction. In 1987, the statute was amended to provide as follows: "[A] non-elected official may apply for reinstatement to the appointing authority upon reversal or the vacating of such conviction where the conviction is the sole basis for the vacancy. After receipt of such application, the appointment authority shall afford such applicant a hearing to determine whether reinstatement is warranted. The record of the hearing shall include the final judgment of the court which reversed or vacated such conviction and may also include the entire employment history of the applicant and any other submissions which may form the basis of the grant or denial of reinstatement notwithstanding the reversal or vacating of such conviction. Notwithstanding any law to the contrary, after review of such record, the-appointing authority may, in its discretion, reappoint such non-elected official to his former office” (Public Officers Law § 30 [1] [e]; emphasis added).
In amending the statute on July 27, 1987, the Legislature stated that the act was to take effect immediately and to apply "to all convictions reversed or vacated on or after such effective date.” (L 1987, ch 454, § 2.) Respondents argue here that since the Appellate Division reversed Hays’ conviction on July 13, 1987, prior to the July 27, 1987 effective date of the amendment, Hays is not entitled to a reinstatement hearing pursuant to Public Officers Law § 30 (1) (e). Petitioner asserts that the language "convictions reversed or vacated” on or after July 27, 1987 should be construed to include the situation where the pre-July 27, 1987 "reversal” of a conviction resulted in a retrial resulting in acquittal after July 27, 1987.
Petitioner does not urge retroactive application of an amendment which is clearly prospective. Rather, petitioner asserts that his acquittal after July 27, 1987 is to the same effect of a conviction, reversed or vacated after that date.
As noted, prior to the July 27, 1987 amendment, section 30 of the Public Officers Law did not include any mechanism for an officer to seek reappointment, upon the reversal'or vacation of a felony conviction. In Matter of Gunning v Codd (49 NY2d 495, 499), a decision issued in 1980, prior to the amendment, the Court of Appeals noted that the vacatur of the office *230 "is absolute upon conviction: subsequent events, such as a stay of the execution of judgment or even reversal of the conviction upon appeal, do not affect the vacatur (Matter of Toro v Malcolm, 44 NY2d 146, 150; Matter of Obergfell [Chesire] 239 NY 48, 50; Matter of Breslin v Leary, 35 AD2d 794, 795).” In Matter of Toro v Malcolm (44 NY2d 146, 148-149, supra) (also decided before the 1987 amendment), the issue before the court was "whether a public officer whose felony conviction is reversed on appeal is entitled to an award of back pay from the date of his conviction to the date of his voluntary reinstatement.” The majority answered that question in the negative, citing section 30 (1) (e) of the Public Officers Law. Judge Fuchsberg, in a dissenting opinion, wrote: "A matter of great public interest indeed is involved in this case. It is that a statute not be unnecessarily interpreted in a manner resulting in the unconscionable treatment of members of the public.” (44 NY2d, supra, at 153.)
Judge Fuchberg reasoned:
"On this appeal to us, the issue is whether a civil servant who ultimately is found innocent of any criminal culpability whatsoever is within the embrace of section 30 (subd 1, par e) of the Public Officers Law, which provides that every office becomes 'vacant upon * * * [the] conviction [of the incumbent thereof] of a felony, or a crime involving a violation of his oath of office’. It is not a fundamental precept of justice that, once it is finally decided that an accused has been falsely charged and, on this basis, has been proved guiltless, he is, so far as reasonably possible, to be treated as though he had never been accused at all?
"The question answers itself. It does not do so for the first time here. Legal philosophers have long wrestled, not with whether the wrong should be righted, but with how best to do so (see Nixon, Voltaire and the Calas Case [1962], p 198; Borchard, Convicting the Innocent, Errors in Criminal Justice [1932], p 37).” (44 NY2d, supra, at 154 [dissenting opn].)
In Matter of Briggins v McGuire (67 NY2d 965), a decision issued approximately one year prior to the 1987 amendment, the Court of Appeals held that a police officer who had been convicted of a felony, was not entitled to a reinstatement hearing, even though the conviction was ultimately reversed and the indictment dismissed. The court wrote: "Since the decision in Toro, the Legislature has not seen fit to alter the law in this area as formulated by the courts or to carve out a *231 statutory exception in cases where a public officer has been wrongfully convicted.” (67 NY2d, supra, at 967-968.)
The 1987 amendment to section 30 (1) (e) of the Public Officers Law reveals an intent by the Legislature to provide a mechanism by which a wrong can be righted, to create a procedure for an officer who has ultimately been vindicated of criminal wrongdoing to seek a reinstatement hearing. The Bill Jacket to this legislation, specifically the "New York State Assembly Memorandum in Support of Legislation” indicates that the purpose or general idea of the bill amending section 30 (1) (e) was to reverse the effect of the holding in Matter of Briggins v McGuire (67 NY2d 965, supra). With respect to the effect that the amendment would have on the present law, the Assembly memorandum states: "This bill would remove the injustice of a rigidly construed statute that deprives a police officer of all rights on the basis of a felony conviction when it has been determined that no crime was committed. At the same time, the public is protected by preserving the right of the department, at the commissioner’s discretion, to refuse reinstatement or reappointment. The bill simply guarantees the right to a hearing — a right that, in the circumstance of a vacated or reversed conviction, is demanded by elementary due process considerations.” (NY State Assembly mem, Assembly Bill 4810-A, Senate Bill 3374-A; emphasis supplied.)
Thus, the amendment of section 30 (1) (e) of the Public Officers Law is remedial in nature, and should be construed liberally (see, McKinney’s Cons Laws of NY, Book 1, Statutes § 321). A liberal construction of a remedial statute "is one which is in the interest of those whose rights are to be protected, and if a case is within the beneficial intention of a remedial act it is deemed within the statute, though actually it is not within the letter of the law.” (McKinney’s Cons Laws of NY, Book 1, Statutes § 321.)
"If the spirit and purpose of an act find fair expression therein, it is construed accordingly, even though the interpretation thus placed upon it is contrary to the literal meaning of some of its provisions; which is to say that a court in construing a law will sometimes be guided more by its purpose than its phraseology. Language of a statute is not to be accepted in all of its sheer literalness without regard to the object which the statute was designed to accomplish; and a statute is not to be read with a literalness that kills meaning, intention, purpose, or beneficial end for which the statute has been designed.” (McKinney’s Cons Laws of NY, Book 1, Statutes § 96.)
*232 Although petitioner’s situation does not technically fall within the wording of the statute, permitting petitioner to take advantage of the 1987 amendment which entitles officers to a reinstatement hearing, would not defeat either the spirit and purpose or the prospective nature of the statute. While it is undisputed that his conviction was reversed before July 27, 1987, he was reindicted based upon the same occurrence that resulted in the conviction, and subsequently acquitted after the effective date of the amendment to the statute. Thus, after the amendment took effect, he was ultimately found not to be criminally responsible for the act that first led to a felony conviction, and the vacation of his office pursuant to Public Officers Law § 30.
Based upon the foregoing, this court concludes that petitioner has stated a cause of action with respect to his demand for a reinstatement hearing. Accordingly, respondents’ cross motion is denied to the extent that it seeks an order dismissing the first cause of action, on the ground that it fails to state a cause of action. Respondents are directed to serve an answer to the petition within the time frame indicated at the end of this decision.
Petitioner’s second cause of action, which demands a name-clearing hearing, is dismissed without prejudice to petitioner’s right to replead. Although the petition alleges that the police department issued a press release and conducted a press conference, there is no allegation that the department created and disseminated " 'a false and defamatory impression about the employee in connection with his termination’ ” (Matter of Lentile v Egan, 61 NY2d 874, 875). Thus, respondents’ cross motion is granted to the extent that it seeks an order dismissing the second cause of action, with leave to petitioner to replead and set forth a cognizable cause of action with respect to his demand for a name-clearing hearing.
Respondents’ cross motion is also granted to the extent that it seeks an order dismissing petitioner’s claim for back pay pursuant to section 75 of the Civil Service Law. Petitioner claims that he is entitled to back pay from the date of his discharge, less 30 days’ pay, in accordance with the provisions of Civil Service Law § 75 (3), which relate to suspension pending determination of departmental charges, and the penalties to be imposed. That statute provides, in pertinent part: "Pending the hearing and determination of charges of incompetency or misconduct, the officer or employee against whom such charges have been preferred may be suspended without *233 pay for a period not exceeding 30 days.” (Civil Service Law § 75 [3].) However, "[t]he thirty-day limitation contained in § 75(3) has been held to be inapplicable to suspensions of New York City police officers pursuant to [Administrative Code of the City of New York] § 434a-20.0 [now renum § 14-123], E.g., Sconavacca v. Leary, 38 N.Y.2d 583, 381 N.Y.S. 2d 833 (1976); Cugell v. Monaghan, 201 Misc. 607, 107 N.Y.S.2d 117 (S. Ct. New York Co. 1951).” (Baker v Cawley, 459 F Supp 1301, 1303 [SD NY 1978], affd 607 F2d 994.)
As the Court of Appeals noted in Matter of Scomavacca v Leary (38 NY2d 583, 585): “The police commissioner’s power to suspend a patrolman pending the determination of departmental charges is governed by section 434a-20.0 [now § 14-123] of the Administrative Code of the City of New York, not by section 75 of the Civil Service Law. Under the Administrative Code, the suspended officer is only entitled to back pay when he is not convicted of the departmental charges (Brenner v City of New York, 9 NY2d 447). Since the petitioners here were, in fact, convicted of the charges they are not entitled to recover back pay.”
Thus, petitioner’s claim for back pay that accrued during his suspension must be based upon the Administrative Code, rather than on section 75 of the Civil Service Law. In order to state a claim for back pay pursuant to the Administrative Code, petitioner must allege that he was not convicted of the departmental charges that were preferred, an allegation that is absent here. In fact, the only reference in the record before the court of the resolution of the charges is a statement by Justice Gabel of this court, contained in a decision dated July 17, 1986 (index No. 24163/85), that "[t]he Police Department never conducted a hearing on those charges.” (Slip opn, at 2.) The record does not reflect that a hearing was held or that there has been a resolution of the charges. Therefore, petitioner’s claim for back pay that accrued during his suspension is dismissed with leave to replead in accordance with the provisions of Administrative Code § 14-123, if the facts so warrant.
The petition and the cross motion are disposed of as indicated. If petitioner determines to replead the claims that have been dismissed, petitioner must serve the amended petition within 30 days after entry of the order that is to be settled. Respondents are directed to serve their answer to the petition or amended petition at the expiration of that 30-day period. *234 Copies of all pleadings, as well as any additional evidence or memoranda of law that the parties wish the court to consider in resolving this proceeding, must be submitted to chambers, room 649, within 30 days after the answer to this petition has been served.