■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY PRATHER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered April 25, 1985, and amended May 15, 1985, convicting him of murder in the second degree, attempted murder in the second degree, assault in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment, as amended, is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We note that the court erred in failing to charge justification as a defense to the lesser included offenses of manslaughter in the second degree and assault in the second degree (see, *People v McManus*, 67 NY2d 541; *People v Huntley*, 59 NY2d 868; *People v Hays*, 132 AD2d 620; *People v Stallings*, 128 AD2d 908; *People v Hoy*, 122 AD2d 618). The justification defense should not be limited to any particular mens rea or any particular crime involving the use of force (see, *People v McManus, supra*). However, the jury was properly charged that justification could be considered a defense to the crimes of murder in the second degree, attempted murder in the second degree, and assault in the first degree. The jury was also instructed that it could not consider any lesser included offenses if it found the defendant guilty of those charged in the indictment. As the defendant was convicted of murder in the second degree and assault in the first degree, the court's failure to charge justification regarding the lesser included offenses could not have had any effect on the verdict. As such, the error is harmless beyond a reasonable doubt (see, *People v Crimmins*, 36 NY2d 230).

We have considered the defendant's remaining contentions, including his challenge to the propriety of the sentence imposed and those raised in his supplemental *pro se* brief, and find them to be without merit. Thompson, J. P., Rubin, Sullivan and Balletta, JJ., concur.