OPINION OF THE COURT
Lorraine S. Miller, J.
Defendant is charged with murder in the second degree (intentional murder), criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree. At trial, the People’s evidence tended to demonstrate that defendant fatally shot deceased during an argument outside a grocery store at which defendant was employed. Defendant interposed a justification defense and the defense case presented a different rendition of what had occurred on the morning in issue.
Defense witnesses testified that deceased and two other persons attempted to burglarize and rob defendant’s store. Defendant grabbed a gun which was kept under a counter, struggled with the deceased over the weapon and the gun discharged, hitting deceased once in the chest.
At the precharge conference, defendant requested that the court submit manslaughter first and second degrees as lesser included offenses of murder in the second degree. The People moved to dismiss criminal possession of a weapon in the third degree. Defense also requested that the court charge the jury that if they found defendant not guilty of murder in the second degree by reason of justification, that they were to find defendant not guilty on the two lesser included offenses of manslaughter in the first and second degrees. The People agreed to such request but objected to its inclusion in the verdict sheet on the ground such inclusion would violate CPL 310.20 and 310.30.
This is a case of apparent first impression. No reported case addresses whether a court may submit to the jury a verdict sheet which contains three possible verdicts: "guilty”, "not guilty” and "not guilty by reason of justification”.
Justification is an ordinary defense. That is, the People have the burden of disproving such defense beyond a reasonable doubt. (Penal Law § 25.00 [1]; § 35.00.) This statutory defense permits the affirmative use of force under certain circumstances. (Penal Law § 35.15 et seq.) The essence of the defense of justification is such that it does not excuse a criminal act or negate a particular element of a crime. Rather, by recognizing *18 the use of force to be privileged under certain circumstances, it renders the conduct in issue entirely "lawful.” (People v McManus, 67 NY2d 541; People v Taylor, 177 NY 237.)
Since a finding of justification renders defendant’s conduct "lawful,” the court must address the effect of such a finding on lesser included offenses. In People v Castro (131 AD2d 771), the Second Department considered this very issue. In Castro, defendant was charged with murder in the second degree; the court submitted this count and the lesser included offenses of manslaughter in the first and second degrees with an instruction that the jury was to consider justification on each of the charges. The jury returned a verdict of " ’[Gjuilty of manslaughter in the first degree, but justified as self-defense’ ”. (Supra, at 772.) The court realized that the verdict was defective and instructed the jury that a finding of justification was, in effect, a finding of not guilty and if they wished to acquit defendant of this charge they should so indicate and proceed to consider manslaughter in the second degree (and the justification defense in connection therewith). Defendant was subsequently convicted of manslaughter in the second degree.
The Appellate Division reversed the conviction because of a "fundamental defect in the manner in which the court submitted the case to the jury, both initially and following the defective verdict.” (People v Castro, 131 AD2d, supra, at 773.) The court stated, "although the court properly permitted the jury to consider justification with respect to each of the three counts submitted (see, People v Huntley, 87 AD2d 488, affd 59 NY2d 868, supra; People v Hoy, 122 AD2d 618), the jury should also have been instructed that a finding of not guilty by reason of justification as to any one of the counts would preclude a verdict of guilty as to its lesser included offenses. Stated otherwise, once the jury found the defendant not guilty of the greater offense on the basis of justification, it could not properly reach a contradictory finding that the defendant was guilty of a lesser charge despite its finding of justification (see, People v Hoy, supra, at 619). Thus, the jury should have been instructed at the outset that in the event it reached a verdict of not guilty by reason of justification as to any of the offenses submitted to it, it should simply render a verdict of acquittal and cease deliberation, without regard to any remaining lesser included offenses. Moreover, when the jury rendered its defective verdict, by which it apparently convicted the defendant of manslaughter in the first degree despite a finding of justification, the court should have instructed the jury that in the *19 event it had in fact found justification, it was required to acquit and to disregard the remaining charge of manslaughter in the second degree.” (Supra, at 773-774; emphasis supplied.)
Defense request for an instruction that if the jury found defendant not guilty by reason of justification of murder in the second degree or any of the lesser included offenses, that they were to acquit and disregard the remaining lesser included offenses, in accordance with Castro (supra), is permissible. But this court finds that this complex instruction alone is insufficient to ensure that the jury will render a proper verdict.
The remaining issue is, therefore, whether it is appropriate for the court to list "not guilty by reason of justification” as a possible verdict on the verdict sheet in conjunction with the aforesaid instruction. CPL 310.20 provides in pertinent part,
"Upon retiring to deliberate, the jurors may take with them * * *
"2. A written list prepared by the court containing the offenses submitted to the jury by the court in its charge and the possible verdicts thereon. ” (Emphasis supplied.)
Contrary to the People’s position, "not guilty by reason of justification” is a "possible verdict” within the meaning of the statute and the common law. (People v Castro, 131 AD2d 771, supra; see, People v McManus, 67 NY2d 541, supra; see also, CPL 300.10 [4] [d] [which permits a verdict of " 'not responsible by reason of mental disease or defect’ ”].) A "guilty” verdict means the jury has found that the People have proved all the elements of the crime beyond a reasonable doubt and have so disproved the justification defense. When a "not guilty” verdict is returned, the People have failed to prove any one or more requisite elements of the crimes charged beyond a reasonable doubt. Finally, a verdict of "not guilty by reason of justification” can be interpreted to mean the jury has found the People have failed to disprove beyond a reasonable doubt the justification defense.
Furthermore, judicial economy is best served by submitting such a verdict sheet to the jury since this practice may prevent defective verdicts, unnecessary retrials and ambiguous records. The Appellate Court in Castro (supra, at 774) called attention to the problem when stating, in dicta, "It is a matter of record in this case that the defendant was acquitted of murder in the second degree and manslaughter in the first degree, thereby precluding his retrial on those charges. The *20 record is silent as to the basis for the jury’s acquittal on the former charges and, although it might be inferred from the jury’s initial verdict that its acquittal on the latter charge resulted from a finding of justification, it is evident that the jury was confused, and its intentions ambiguous, and we cannot say with certainty that the acquittal of manslaughter in the first degree was based on a finding of justification so as to require acquittal on the charge of manslaughter in the second degree as well. Thus, we reverse the judgment and dismiss the indictment without prejudice to the People to represent any appropriate charges to another Grand Jury (see, People v Beslanovics, 57 NY2d 726, supra). However, the highest offense for which the defendant may now be indicted and tried is manslaughter in the second degree (see, People v Hoy, 122 AD2d 618, supra). ” (Emphasis added.)
Submitting a verdict sheet in the form herein, therefore, is not only permissible within the meaning of the statute, but also facilitates appellate review and avoids unnecessary retrials. Certainly, courts must routinely, and are mandated by statute, to simplify and clarify indictments "in order to avoid placing an unduly heavy burden upon the jury in its consideration of the case.” (CPL 300.40 [6] [b].) The court is satisfied that the proposed verdict sheet meets this objective and aids the jury in understanding the prolix justification charge.
Furthermore, "special verdicts” such as the one proposed herein are not prohibited by statute. On the contrary, special verdicts are authorized in organized crime prosecutions in State and Federal courts. (CPL 310.50 [4]; United States v Roman, 870 F2d 65 [2d Cir 1989]; United States v Ruggiero, 726 F2d 913 [2d Cir 1984, Newman, J., concurring in part, dissenting in part], cert denied sub nom. Rabito v United States, 469 US 831.) While the Criminal Procedure Law of New York specifically requires the rendition of specific findings, the Federal courts make such special interrogatories discretionary with the court and upon defendant’s request.
The rationale and objective of both the statute and the Ruggiero and Roman decisions (supra) is to assess whether a jury’s determination of guilt or innocence rests on a permissible basis. If a verdict sheet is silent on the issue of justification, it becomes nearly impossible for a trial or appellate court to discern whether a jury’s finding of "not guilty” was predicated upon the People’s failure to prove the requisite elements of the crime or disprove the justification defense beyond a reasonable doubt. Similarly, it becomes equally difficult to *21 discern whether a jury properly followed the court’s instruction with respect to the justification defense when they find defendant guilty of a lesser included offense. Therefore, requiring the jury to render a specific verdict on the issue of justification not only complies with the law but also facilitates intelligent review of the record. For all the foregoing reasons, this court finds its submission of the instant verdict sheet appropriate.
Finally, defense contention that justification should be charged as a defense to criminal possession of a weapon in the second degree under these facts is without merit. While defendant concedes that justification is not a defense to criminal possession of a weapon in the third degree, he maintains that a finding of justification renders not only his "use” of the weapon lawful in the murder counts but also his "intent to use the [weapon] unlawfully against another” person. (Penal Law § 265.03.) This identical contention was addressed in People v Almodovar (62 NY2d 126) and People v Pons (68 NY2d 264). In Almodovar, the court held that the essential nature of Penal Law §§ 265.01-265.05 is the act of possessing a weapon unlawfully. The crime may become more serious because of the intent with which defendant acts. Therefore, the court reasoned, once unlawful and knowing possession is established, the possessory crime is complete and any unlawful use or intent to use unlawfully is punishable as a separate crime. In Pons (68 NY2d 264, 267-268, supra), the court, in reiterating this principle, unequivocally stated,
"We hold, therefore, that because possession of a weapon does not involve the use of physical force * * * there are not circumstances when justification (Penal Law § 35.15) can be a defense to the crime of criminal possession of a weapon. * * *
"First, intent to use and use of force are not the same, and justification, by the very words of the statute (Penal Law § 35.15), is limited to the latter. Second, it does not follow that because defendant was justified in the actual shooting of the weapon under the particular circumstances existing at that moment, he lacked the intent to use the weapon unlawfully during the continuum of time that he possessed it prior to the shooting. Whether the People established beyond a reasonable doubt that defendant possessed the weapon during that period 'with intent to use [it] unlawfully against another’ (Penal Law § 265.03) was a question for the jury”.
For the foregoing reasons, the court’s submission of count *22 No. 2 of the indictment charging defendant with criminal possession of a weapon in the second degree as a noninclusory consecutive count and its refusal to charge justification as a defense thereto was required as a matter of law.