■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY ELLISON, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered August 2, 1983, convicting him of murder in the second degree (two counts), and attempted robbery in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The testimony adduced at trial on behalf of the People established, in relevant part, that on the afternoon of April 17, 1982, the defendant and his friend, went to a Burger King restaurant and drove up to the drive-through line. A van occupied by two men was two car lengths behind the car the defendant's friend was driving. The defendant, who had a gun in his possession, told his friend that he was going to "rip off" the men in the van. The defendant went up to the passenger side of the van and announced, "I'm going to rip you off". The passenger jumped out and started fighting with the defendant. After shooting the passenger three times, the defendant fled from the scene.

In his defense, the defendant testified that he had gone over to the van to look at some tools the victim was selling. The defendant and the victim started arguing over the price of the tools and the victim took out a gun. After he managed to grab the gun, the defendant walked away from the victim, but the victim ran behind him. A fight ensued and as the two men were rolling on the ground, the gun fired three times.

Initially we note that the defendant's request to charge the defense of justification was not applicable to the charges of attempted robbery and felony murder *(see,* Penal Law § 35.15 [1] [a], [b]; [2]; *People v Guraj,* 105 Misc 2d 176, 178). Assuming that the defendant's request to charge the defense of justification should have been granted with regard to the intentional murder charge, the failure of the trial court to give such an instruction was harmless. Having found the defendant guilty of attempted robbery and felony murder, the jury necessarily rejected the defendant's contentions that the victim was the initial aggressor and armed *(see, People v Guraj, supra,* at 178). Therefore, "had a proper and complete justification

instruction been given, the result would not have been different" *(People v Wesley,* 76 NY2d 555, 560; *cf., People v Hays,* 132 AD2d 620, 621; *People v Stallings,* 128 AD2d 908).

The defendant's other contentions are without merit. Thompson, J. P., Lawrence, Balletta and O'Brien, JJ., concur.