■ In the Matter of RUDOLPH HAYS, Respondent, v BENJAMIN WARD, as Commissioner of the Police Department of the City of New York, et al., Appellants

In December 1984, petitioner, a police officer since 1951 and a sergeant for fifteen years, was involved in a minor traffic accident in Queens. Petitioner became involved in a fight with the driver and a bystander who came to her assistance. When the bystander and driver ran away, petitioner drew his off-duty revolver and fired several shots at them, killing the driver. He was immediately suspended from his duties as a police officer, served with notice of departmental charges and specifications, and was indicted and tried for second degree murder and related charges. On August 21, 1985, petitioner was convicted of second degree manslaughter and sentenced to five to fifteen years imprisonment. On July 13, 1987, his conviction was reversed and the indictment dismissed without prejudice to re-presentment by the Appellate Division, Second Department, on the grounds that the trial court failed to charge justification as a defense to second degree manslaughter and neglected to charge the jury as to the consequences of a verdict of not responsible by reason of mental disease or defect (132 AD2d 620).

Petitioner was reindicted and tried for manslaughter in the second degree and found not guilty by reason of mental disease or defect on July 26, 1988. He then commenced this CPLR article 78 proceeding on December 23, 1988 after the Police Department informed him that he was not entitled to a

hearing for possible reinstatement since on July 13, 1987, the date of the reversal of his conviction, Public Officers Law § 30 did not require such a hearing and that the amended section 30 (1) (e), which provides for a reinstatement hearing was not effective at the time and is not retroactive in its application.

This is a situation where the fortuitous lapse of two weeks between the reversal of petitioner's conviction and the effective date of the applicable amendment (L 1987, ch 454, § 1, eff July 27, 1987) determines petitioner's lack of entitlement to a hearing on his application for reinstatement to his former position.

We disagree with the IAS court and hold that petitioner is not entitled to the reinstatement hearing mandated by the amendment.

Public Officers Law § 30 (1) (e), which provides that every office shall be vacant upon the conviction of a public officer of a felony or a crime involving a violation of his or her oath of office, was amended to correct what the courts had previously found to be an unnecessarily harsh result occurring when a non-elected official was in fact cleared of any wrongdoing, but was left without the right to obtain back pay or lost benefits (see, Matter of Briggins v McGuire, 67 NY2d 965; Matter of Toro v Malcolm, 44 NY2d 146). It now provides, in pertinent part, that in the case of a non-elected official he or she "may apply for reinstatement to the appointing authority upon reversal or the vacating of such conviction where the conviction is the sole basis for the vacancy. After receipt of such application, the appointing authority shall afford such applicant a hearing to determine whether reinstatement is warranted."

As noted by the IAS court, the Assembly's supporting memorandum stated that the amendment " 'would remove the injustice of a rigidly construed statute that deprives a police officer of all rights on the basis of a felony conviction when it has been determined that no crime was committed' ", while at the same time preserving the Police Department's discretion to refuse reinstatement (144 Misc 2d 227, 231, quoting NY State Assembly mem, Assembly Bill 4810-A, Senate Bill 3374-A).

The parties agree that the amendment was remedial in nature and should be liberally construed (McKinney's Cons Laws of NY, Book 1, Statutes § 321). Respondents, however, correctly point out that it very specifically created a new right of action which did not previously exist and, thus, should be

applied prospectively only. (McKinney's Cons Laws of NY, Book 1, Statutes § 51 [c]; § 54; *see, Ruotolo v State of New York,* 157 AD2d 452, 453.) While hardships may be incurred by the happenstance of the effective date of an amendment, courts must avoid judicial legislation. Where a statute states in clear and explicit terms, as here, that it takes effect on a certain date, it is to be construed as prospective in application. *(Murphy v Board of Educ.,* 104 AD2d 796, 797-798, *affd* 64 NY2d 856.)

As to its construction of the amendment to include within its ambit petitioner's ultimate acquittal after its effective date, the IAS court has essentially engaged in such proscribed judicial legislation, since "[a] court cannot by implication supply in a statute a provision which it is reasonable to suppose the Legislature intended intentionally to omit". (McKinney's Cons Laws of NY, Book 1, Statutes § 74.) The statute was clearly not meant to encompass an acquittal because it has no application in such circumstance: one who is acquitted is not stripped of office and the office is not then vacant by operation of this section.

Petitioner falls into an unusual category in that he had been convicted and that was reversed, but hardly in the sense that the amended statute envisioned. Subsequently, when retried, he was acquitted by reason of mental disease or defect, again, not a finding that he had been cleared in the usual sense of that term. By virtue of the operation of section 30 in effect at the time of the reversal of his conviction, petitioner was no longer a police officer when retried and acquitted. Moreover, since the operation of the statute effectively terminated petitioner's suspension and he was no longer a suspended police officer under section 14-123 of the Administrative Code of the City of New York he, therefore, has no viable claim for back pay. Concur—Sullivan, J. P., Carro, Rosenberger, Kupferman and Rubin, JJ.