**George COLE, Plaintiff,**

**v.**

**Joseph P. DELIO, individually and in his capacity as a Captain in the Police Department in the Town of Greenburgh, N.Y., John A. Kapica, individually and in his capacity as Chief of Police of the Town of Greenburgh New York, and the Town of Greenburgh, Defendants.**

**No. 95 CV 3830 (BDP).**

United States District Court, S.D. New York.

Nov. 18, 1996.

---

**36.** *VMS*, 1995 WL 355722, at *2; *O'Brien*, 739 F.Supp. at 902–03.

Jonathan Lovett, Lovett & Gould, White Plains, NY, for Plaintiff.

David L. Posner, McCabe & Mack, Poughkeepsie, NY, for Defendants.

## MEMORANDUM DECISION AND ORDER

PARKER, District Judge.

Plaintiff George Cole ("Cole"), a former police officer of the Town of Greenburgh, brings this action against defendants Joseph P. Delio ("Delio"), the Captain of the Greenburgh Police Department, John A. Kapica ("Kapica"), Chief of the Greenburgh Police Department and the Town of Greenburgh ("Town") asserting violations of 42 U.S.C. § 1983, Article I of the New York State Constitution and Chapter 812 of the New York State Laws.

1. Cole has also moved to amend his complaint, an action which he states would "neutralize the expected cross-motion." While the defendants did file a cross-motion for summary judgment, that motion was withdrawn on March 14, 1996. Therefore, Cole's request to amend the complaint (seemingly to assert an Equal Protection claim) has become moot and is denied.

2. Plaintiff asserts that the May 20, 1994 arrest was based upon "racially motivated, false charges." In that defendants deny this assertion

Cole alleges that he was suspended without pay and without due process of law and that his lengthy suspension constituted constructive discharge.

Before this Court is plaintiff's motion for partial summary judgment, on the issue of liability, pursuant to Fed.R.Civ.P. 56(a).[1] Plaintiff's motion is denied.

## FACTS

Recognizing that on a motion for summary judgment all factual ambiguities and reasonable inferences are drawn in the non-moving party's favor, see *Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 444-45 (2d Cir.1980), the following facts are properly before this Court for purposes of this motion.

During the period from May 1994 to September 1995, Cole, a Town police officer, was arrested in three separate incidents and as a result was suspended without pay and disciplinary charges were filed against him.

The first incident occurred on May 20, 1994 when Cole was arrested in New York City and charged with hindering prosecution.[2] The next day, Cole was suspended without pay by the Town Board on Kapica's recommendation, pursuant to the Westchester County Police Act ("WCPA").[3] On May 28, 1994, Cole was charged in the Town of Southampton for violating the "open container" law and he pleaded guilty to that charge on July 15, 1994. By a notice dated August 17, 1994, Cole was informed that disciplinary charges were being filed against him in response to the May 20 and May 28 incidents and that the Board of Police Commissioners would convene a hearing on the charges. On September 15, 1994 the Assistant District Attorney prosecuting Cole on the May 20, 1994 arrest requested that any Town administrative hearing regarding Cole be delayed pending the outcome of the criminal case.

and all factual ambiguities are drawn in the non-moving party's favor on a motion for summary judgment, this assertion is not properly before the Court. *See Quinn*, 613 F.2d at 444-45.

3. The WCPA gives the Town Board or Board of Police Commissioners "the power to suspend, without pay, pending the trial of [disciplinary] charges, any member of ... [the] police department." W.C.P.A. § 7, L.1936, ch. 104.

On September 23, 1994, Cole was arrested for a second time in New York City and charged with criminal trespass, menacing, resisting arrest, attempted assault and harassment in connection with an incident at a bar. In response, the Town Board, upon Kapica's recommendation, continued Cole's unpaid suspension.[4] By a notice dated December 19, 1994, Cole was informed that additional disciplinary charges were being filed against him and once again he was told that the Board of Police Commissioners would convene a disciplinary hearing. On February 2, 1995 the Assistant District Attorney prosecuting Cole on the September 23, 1994 charges requested that any Town administrative hearing regarding Cole be delayed pending the outcome of the criminal case.

On May 25, 1995, Cole filed this lawsuit.[5]

**LEGAL STANDARD**

■ A motion for summary judgment must be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); see H.L. Hayden Co. v. Siemens Medical Systems, Inc., 879 F.2d 1005, 1011 (2d Cir.1989). It is the burden of the moving party to demonstrate initially the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323–25, 106 S.Ct. 2548, 2552–54, 91 L.Ed.2d 265 (1986); see also Gallo v. Prudential Residential Servs. Ltd., 22 F.3d 1219, 1223 (2d Cir. 1994). The burden then shifts to the nonmoving party to come forward with "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). Affidavits in support or opposition of a summary judgment motion must be made on personal knowledge, setting forth facts which would be admissible at trial by an affiant who is competent to testify to the matters within the affidavit. Fed.R.Civ.P. 56(e). A showing that there is a genuine issue of fact for trial requires a showing sufficient to establish the existence of every element essential to the party's case, and on every element for which the party will bear the burden of proof at trial. In deciding whether there is a genuine issue for trial, "the court is required to draw all factual inferences in favor of the party against whom summary judgment is sought." Ramseur v. Chase Manhattan Bank, 865 F.2d 460, 465 (2d Cir.1989). Where the non-movant's evidence is merely conclusory, speculative or not significantly probative, summary judgment should be granted. Knight v. U.S. Fire Ins. Co., 804 F.2d 9, 12–15 (2d Cir.1986), cert. denied, 480 U.S. 932, 107 S.Ct. 1570, 94 L.Ed.2d 762 (1987).

**DISCUSSION**

■ Cole asserts that the WCPA is unconstitutional both on its face and as applied because it allows for unlimited unpaid suspensions. While the language of the statute does not affirmatively limit unpaid suspensions, the Act is not facially unconstitutional as it can be applied according to the requirements of procedural due process. Therefore, the inquiry becomes, was the Act applied in the case at bar in a manner which violated due process requirements?

Inherent in a procedural due process claim is a two-part analysis. First, was there a deprivation of a protected life, liberty or property interest? Second, what process is due when depriving one of that interest? Board of Regents of State Colleges v. Roth, 408 U.S. 564, 571, 92 S.Ct. 2701, 2706, 33 L.Ed.2d 548 (1972); Bross v. Turnage, 889 F.2d 1256, 1257 (2d Cir.1989), cert. denied, 495 U.S. 956, 110 S.Ct. 2560, 109 L.Ed.2d 743 (1990).

4. In asserting that Cole's unpaid suspension was unconstitutionally lengthy, plaintiff makes reference to the approximately sixteen months which elapsed from the time Cole was originally suspended and when he resigned. Plaintiff fails to make any reference to the fact that he was charged in two additional incidents and that his suspension was renewed in response to these incidents. Furthermore, at the time this lawsuit was filed, Cole had been suspended for only approximately twelve months.

5. Subsequent to the filing of this lawsuit, all criminal and disciplinary charges pending against Cole were resolved. On September 21, 1995, Cole, pursuant to a plea agreement, pleaded guilty to disorderly conduct and resigned from the Greenburgh Police Department.

Whether or not a property interest existed is a matter defined not by the Constitution, but by "existing rules or understandings that stem from an independent source such as state law...." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 538, 105 S.Ct. 1487, 1491, 84 L.Ed.2d 494 (1982) (quoting *Roth*, 408 U.S. at 577, 92 S.Ct. at 2709). Under New York State law, Cole, as a nonprobationary police officer, had a property interest in his job. *Briggins v. McGuire*, 67 N.Y.2d 965, 966, 502 N.Y.S.2d 985, 494 N.E.2d 90, *cert. denied*, 479 U.S. 930, 107 S.Ct. 399, 93 L.Ed.2d 353 (1986). Since he has met the first requirement of establishing a procedural due process claim, the inquiry turns to the question of what process was due when depriving Cole of his protected property interest.

Due process is a flexible conception in that it "calls for such procedural protections as the particular situation demands." *Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S.Ct. 893, 902, 47 L.Ed.2d 18 (1976) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 481, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972)). In order to determine what process is due, a balancing test is employed in which the governmental and individual interests implicated are weighed. *Id.* (citations omitted). Specifically, three factors are to be considered. First, the private interest at stake; second, the risk of an erroneous deprivation and potential value of additional or substitute procedural safeguards; and third, the government interest implicated. *Id.* at 334–35, 96 S.Ct. at 902–03; *Matter of Jacobs*, 44 F.3d 84, 90 (2d Cir.1994), *cert. denied*, —— U.S. ——, 116 S.Ct. 73, 133 L.Ed.2d 33 (1995); *Zurak v. Regan*, 550 F.2d 86, 93 (2d Cir.), *cert. denied*, 433 U.S. 914, 97 S.Ct. 2988, 53 L.Ed.2d 1101 (1977).

Here, the private interest at stake is Cole's job and the attendant salary and benefits—clearly, an important interest. Yet, the government interest in protecting the propriety of its police force is also impor-

tant. *See Kelley v. Johnson*, 425 U.S. 238, 245, 96 S.Ct. 1440, 1444–45, 47 L.Ed.2d 708 (1976); *Baker v. Cawley*, 459 F.Supp. 1301, 1304–05 (S.D.N.Y.1978), *aff'd*, 607 F.2d 994 (2d Cir.1979). Suspending a police officer who has been charged with criminal offenses is surely consistent with this interest. Defendants assert an additional governmental interest in protecting the sanctity of criminal proceedings which made them unable to convene Cole's disciplinary hearing due to the potential for interference with the criminal prosecutions.

With respect to the second factor, the risk of an erroneous deprivation and value of additional safeguards, the WCPA provides, "If any member of such police department so suspended shall not be convicted of the charges so preferred, he shall be entitled to full pay from the date of suspension." W.C.P.A. § 7, L.1936, ch. 104. Therefore, while there are no procedures in place protecting from an erroneous deprivation, if such a deprivation occurs the officer in question is compensated fully for the suspension period.

In that the determination of what process is due requires a fact finder to weigh individual interests against governmental interests and defendants have put forward facts which support a finding that important governmental interests necessitated that Cole's suspension continue without a hearing, issues of material fact remain.

## CONCLUSION

Accordingly, plaintiff's motion for summary judgment, pursuant to Fed.R.Civ.P. 56(a), is denied.[6] Plaintiff's motion to amend the complaint (*see infra* p. 284, note 1), pursuant to Fed.R.Civ.P. 15(a), is denied.

SO ORDERED.

---

**6.** In that summary judgment is being denied with respect to the issue of whether the suspension violated Cole's due process rights, I do not reach the issue of whether Cole was "constructively discharged" in violation of his due process rights. A constructive discharge occurs when the employer deliberately creates a work atmo-

sphere so intolerable that a reasonable person in the employee's shoes would have felt compelled to resign. *Chertkova v. Connecticut General Life Ins. Co.*, 92 F.3d 81, 88 (2d Cir.1996). In that the reasonableness of Cole's suspension remains at issue, it could not be concluded as a matter of law that Cole was constructively discharged.